IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BEKIER and RENEE BEKIER<br>217 Bradley Ave.<br>Bellmawr, New Jersey<br><br>           Plaintiffs,<br><br>     v.<br><br>COMMONWEALTH CONSTRUCTION COMPANY, INC<br>aka COMMONWEALTH CONSTRUCTION COMPANY<br>and JOHN DOES 1-20 (fictitious<br>names of individuals, sole proprietors,<br>partnerships, corporations, or any<br>entities who owned, managed,<br>maintained, inspected and/or<br>constructed the subject property);<br>jointly, severally or in the<br>alternative.<br><br>           Defendants | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>COMPLAINT and JURY<br>TRIAL DEMAND |

---

## JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 (a), as there is diversity of citizenship and the matter in controversy exceeds On e Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

2. Plaintiffs, Mark and Renee Bekier are citizens of the County of Camden, State of New Jersey, residing at 217 Bradley Ave., Bellmawr, New Jersey.

3. Defendant Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899.

4. Commonwealth Construction is licensed to do business in the State of New Jersey and in fact conducts substantial business in New Jersey.

### INTRODUCTION TO THE PARTIES

#### Mark Bekier

1. On February 2005, Mark Bekier and his employer, KNZ Construction Inc., 125 N Park Street, Dallastown, PA 17313, were hired by Commonwealth Construction Company to install among other things, a cowl wall system on the roof of the building located at 51 West Main Street in Middletown, Delaware. Mr. Bekier was in the course and scope of his employment as a construction worker when he fell approximately 10 feet to the ground while preparing the roofing for installation of the cowl wall system. Mr. Bekier was taken to the Trauma Unit at Christiana Hospital in Christina, Delaware, where he was diagnosed with compound fractures to his left leg, which required surgery

with rods and screws to repair the break. On February 11, 2005 Mr. Bekier required a second surgery at Cooper Hospital in Camden, New Jersey on his right heel that also required the installation of screws and plates. Mark Bekier is presently 46 years old and suffers from permanent disability as a result of the fall. Before, during and after this accident, Renee Bekier was/is the wife of Mark Bekier.

### Commonwealth Construction Company, Inc.

2. Commonwealth Construction Company, Inc. (hereinafter Commonwealth Construction) is the general contractor and/or sub-contractor who hired Mark Bekier and his employer, KNZ Construction, on or before February 2, 2005 to install among other things, a cowl wall system on the roof where Mr. Bekier was injured. Commonwealth Construction failed to adhere to the principles of construction safety management in that they did not provide a safe work place free from hazards including weather related hazards, they did not provide warnings of such hazards and they did not provide all appropriate safety equipment, including without limitation, crawling boards, safety lines, safety belts or other personal fall arrest systems utilized by the construction industry for Mr.

Bekier. Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899. Commonwealth Construction does business in multiple states including but not limited to Pennsylvania, New Jersey and Maryland.

## COUNT ONE

## CONSTRUCTION SITE NEGLIGENCE

1. On February 2, 2005, Mark Bekier sustained severe injuries when he fell approximately 10 feet to the ground while trying to install among other things, a cawl wall system on the roof of a building at 51 West Main Street, Middletown, Delaware.

2. Mr. Bekier and his employer, KNZ Construction, were on the premises as a sub-contractor of defendant, Commonwealth Construction.

3. Defendant Commonwealth Construction was the contractor that hired Mr. Bekier and his employer, KNZ Construction, to install among other things, a cowl wall system on the roof at 51 West Main Street, Middletown, Delaware.

4. Defendant Commonwealth Construction has its principal place of business at 2317 Pennsylvania Ave., Wilmington, Delaware.

5. Mr. Bekier was in the course and scope of his job duties when he fell.

6. Mr. Bekier was not provided with all appropriate safety equipment.

7. Defendant Commonwealth Construction had control of the work area during the construction period.

8. Defendant Commonwealth Construction had a non-delegable duty to provide a safe workplace for Mr. Bekier and all others working at the property where Mr. Bekier was injured.

9. Defendant Commonwealth Construction was negligent because, among other things, they failed to provide a reasonably safe workplace to Mr. Bekier and others. Specifically, defendant Commonwealth Construction failed to provide a safe work place and all required safety equipment for his workers, including crawling boards, safety lines, safety belts or other personal fall arrest systems utilized in the construction industry.

10. Defendant Commonwealth Construction was negligent in failing to inspect the worksite for safety deficiencies, eliminate these deficiencies and failing to warn of such deficiencies including weather related deficiencies.

11. Defendant Commonwealth Construction had knowledge of the dangerous fall conditions and knew that they were in

violation of OSHA regulations, or alternately should have so known.

12. The acts and/or omissions of defendant Commonwealth Construction, which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

13. The unsafe workplace violated OSHA regulations.

14. As a proximate cause of the negligence of defendant Commonwealth Construction, Mr. Bekier has suffered permanent physical and emotional injuries, including fractures to his right leg and heel, which required surgery and rods, screws and plates repair. He will continue to suffer emotional and physical injuries and will incur future wage losses.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against the defendant Commonwealth Construction Company Inc., for compensatory and punitive damages, interest and costs of suit.

### COUNT TWO

### MARK BEKIER v. JOHN DOES #1-20

### CONSTRUCTION SITE NEGLIGENCE

1. Mark Bekier repeats all of the allegations of all of the preceding Counts of this Complaint.

2. On February 2, 2005, Mark Bekier, age 46, was working for his employer, KNZ Construction at a property located at 51 West Main Street, Middletown, Delaware.

3. Defendant John Does #1-20 are fictitious names of individuals, sole proprietors, partnerships, corporations or any other entities who owned, managed, maintained, inspected, or were otherwise responsible for the safety and/or construction at the subject property.

4. Defendant John Does #1-20 had contracted with Commonwealth Construction, to install among other things, a cowl wall system on the roof of a building at 51 West Main Street, Wilmington, Delaware. As part of its job, employees were required to work on roofs.

5. Mark Bekier was in the course and scope of his job duties when he fell approximately 10 feet to the ground while trying to install among other things a cowl wall system.

6. There was no adequate fall protection utilized on the job site in the area where Mr. Bekier fell.

7. Defendant John Does #1-20 had a duty to provide a safe work place for Mr. Bekier and all others lawfully on the premises. Such duty included the elimination of all hazards including weather related hazards, and the provision of warning of such hazards. Defendants failed in this duty which failure was a proximate cause of Plaintiff's injuries.

8. Defendant John Does #1-20 was negligent because, among other things, they failed to properly secure the area with crawling boards, safety lines, safety belts, or other personal fall arrest systems and failed to provide a safe work place to Mr. Bekier.

9. As a proximate cause of the negligence of John Does #1-20, Mr. Bekier has suffered permanent physical injuries. He will continue to suffer physical injuries and will incur future wage losses.

10. The acts and/or omissions of defendant John Does #1-20 which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against defendant John Does #1-20 for compensatory

damages, interest, and costs of suit.

### COUNT THREE
### Consortium

1. Plaintiffs, Mark Bekier and Renee Bekier, his wife, repeat each and every allegation contained in the First and Second Counts as if set forth at length.

2. As a proximate result of the negligence of the Defendant, Commonwealth Construction Company, and John Does 1-20 the Plaintiff, Renee Bekier, has been deprived of the services and society of her husband, Mark Bekier.

WHEREFORE, the Plaintiff, Renee Bekier, demands judgment against the Defendants, for damages, interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that Plaintiff in the within action herby demands a trial jury pursuant to the Rules of this Court.

Dated: January 31, 2007

_____
MICHAEL J. McKENNA, ESQUIRE