IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | CIVIL ACTION NO: 07-0541 |
| | : | |
| PLAINTIFFS, | : | |
| v. | : | The Honorable Noel L. Hillman |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC. and JOHN DOES 1-20 | : | Defendant Commonwealth |
| (fictitious names of individuals, sole | : | Construction Company Inc's |
| Proprietors, partnerships, corporations, or | : | Motion to Dismiss Pursuant to |
| any entities who owned, managed, | : | F.R.C.P. 12(b)(2), or in the |
| maintained  inspected and/or constructed | : | alternative 12(b)(3). |
| the subject | : | |
| Property) jointly, severally or in the | : | |
| Alternative | : | |
| DEFENDANTS | : | |

Defendant, Commonwealth Construction Co., Inc. a/k/a Commonwealth

Construction Company (hereinafter referred to as "Moving Defendant") hereby files this

Motion to Dismiss pursuant to F.R.C.P. 12 (b)(2) for lack of personal jurisdiction, or in

the alternative based upon improper venue F.R.C.P. (b)(3).  Moving Defendant

incorporates by reference the attached Memorandum of Law in support of this Motion.


DEASEY, MAHONEY & BENDER, LTD.


/s  Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | CIVIL ACTION NO: 07-0541 |
| | : | |
| PLAINTIFFS, | : | |
| v. | : | The Honorable Noel L. Hillman |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC. and JOHN DOES 1-20 | : | Defendant Commonwealth |
| (fictitious names of individuals, sole | : | Construction Company Inc's |
| Proprietors, partnerships, corporations, or | : | Brief in Support of its |
| any entities who owned, managed, maintained: | | Motion to Dismiss Pursuant to |
| inspected and/or constructed the subject | : | F.R.C.P. 12(b)(2), or in the |
| Property) jointly, severally or in the | : | alternative 12(b)(3) |
| Alternative | : | |
| DEFENDANTS | : | |

Defendant, Commonwealth Construction Co., Inc., a/k/a Commonwealth

Construction Company (hereinafter referred to as "Moving Defendant") hereby files this

Memorandum of Law in support of its Motion to Dismiss and avers as follows:

I.    **BRIEF STATEMENT OF FACTS**:

Plaintiffs, Mark Bekier and Renee Bekier commended this litigation on February

1, 2007, stemming from injuries Plaintiff Mark Bekier allegedly suffered on February 2,

2005, when Plaintiff, purportedly, in the course and scope of his employment, fell

approximately 10 feet to the ground.  (See, Plaintiffs' Complaint attached hereto and

marked Exhibit "A").

Plaintiffs assert jurisdiction based upon 28 U.S.C. § 1332 -- *diversity of

citizenship*.  In suppor t of this, Plaintiffs aver that they reside in Bellmawr, New Jersey.

Plaintiffs also aver that Mr. Bekier sustained his injuries while working at a construction

site in the State of Delaware.  Furthermore,  Plaintiffs aver that Moving Defendant's

principal place of business is also located Wilmington Delaware.  (See, Complaint at ¶3).

However, a fact <u>disputed</u> by the Moving Defendant,  Plaintiffs also alleges that the

Moving Defendant was licensed to do business in the State of New Jersey and conduct

substantial business in New Jersey.  (See, Complaint at ¶ 4).

Plaintiff also alleges claims against "John Does 1-20" for purported construction

site negligence.  Plaintiffs fail to aver the citizenship of any of the John Does. (See,

Complaint at Count II).

Plaintiff has no personal jurisdiction over the Moving Defendant as there are no

ties between the Moving Defendant and the instant Jurisdiction. The only tie to this

jurisdiction is the fact that the <u>Plaintiffs</u> <u>reside</u> <u>in</u> <u>New</u> <u>Jersey</u>.

Because Plaintiffs have no personal jurisdiction over the Moving Defendant,

Plaintiffs claims must be dismissed, with prejudice.  In the alternative, Moving Defendant

seeks dismissal based upon improper venue.

## II.    LEGAL ARGUMENT

### A.  <u>Standard for Personal Jurisdiction</u>

Pursuant to the Federal Rules of Civil Procedure, a defendant is permitted to file a

motion to dismiss a complaint based upon the plaintiffs' lack of personal jurisdiction.

F.R.C.P. 12(b)(2).  Whether a court has jurisdiction over an out of state defendant

depends upon the laws of the state where the court is located.  Here, New Jersey's long

arm statute extends jurisdiction to the full scope permissible under the due process

restrictions of the Fourteenth Amendment.  See, N.J. Ct. R. 4:4-4(b)(1); <u>Charles</u>

<u>Gendler & Co., Inc. v. Telecom Equip. Corp.,</u> 102 N.J. 460, 508 A.2d 1127, 1131 (1986).

The central element of a jurisdictional due process evaluation is whether the defendant deliberately established certain minimum contacts so that the law suit does not offend any traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

> The jurisdictional nexus must also be the result of intentional conduct by the defendant and not merely 'random, fortuitous or attenuated contacts." *Amberson Holdings*, 110 F.Supp.2d at 334 (internal quotation marks omitted). Nor can jurisdiction lie if the contacts are found in the mere "unilateral activity of those who claim some relationship with a nonresident defendant." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283(1958). Rather, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id.

Rodi v. Southern New England School of Law, 255 F.Supp.2d 346, 349 (D.N.J. 2003).

When discussing personal jurisdiction, there may be either **specific** or **general** jurisdiction. Essentially, specific jurisdiction arises when the cause of action arises from a defendant's forum related activities. General jurisdiction, on the other hand, arises when a non forum defendant has a substantial connection with the forum. For the reasons set forth below, Plaintiffs fail to establish either specific or general jurisdiction as against the Moving Defendant.

    1. Plaintiff Has Failed to Establish Specific Jurisdiction over Moving Defendant

Specific jurisdiction exists when a defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93,96 (3rd

Cir. 2004) citing Burger King Corp. v. Rudzwicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 83 L.Ed.2d 528 (1985).

A review of Plaintiffs' Complaint reveals that Plaintiff, a New Jersey resident, employed by a Pennsylvania employer, suffered injuries while working on a construction site in Delaware where the Moving Defendant is alleged to have been the general contractor. Therefore, based upon Plaintiffs' Complaint, accepting all the allegations as true for purposes of this motion only, without admitting the same, Plaintiff's claims for specific jurisdiction fail. Simply, the litigation has not arisen out of activities to which the Moving Defendant directed in New Jersey.

2.    Plaintiff Has Failed to Establish General Jurisdiction over Moving Defendant

When a cause of action does not arise within the forum, the Plaintiff must prove "that the non resident defendant had "continuous and systematic" contacts with the forum so as to establish general jurisdiction." CSR Ltd. V. Federal Insurance Co., 141 F.Supp.2d 484,490 (D.N.J. 2001). In evaluating a motion to dismiss based upon the lack of personal jurisdiction, the court must accept as true, all of plaintiff's allegations. However, "plaintiff must then come forward with actual proofs which establish "with reasonable particularity" the nature and extent of the defendant's contacts with the forum state." Id. At 490, referring to Patterson v. FBI, 893 F.2d 595, 603-4 (3rd Cir. 1990). In fact, Patterson requires a Plaintiff to "sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Patterson at 603-03.

Plaintiffs set forth the following allegations in support of the Moving Defendant's purported 'continuous and systematic' conduct:

4

4.    Commonwealth Construction is licensed to do business in the State of New Jersey and in fact conducts substantial business in New Jersey. (*Jurisdiction*)

2.    …Commonwealth Construction does business in multiple states including but not limited to Pennsylvania, New Jersey and Maryland. (*Introduction to the Parties*).

See, Plaintiffs' Complaint.

Plaintiffs' allegations are nothing more than bald assertions in an unsuccessful effort to bring suit in this forum.  The Moving Defendant specifically denies these allegations, and, specifically denies that it is licensed to do business in New Jersey or that it conducts any business in New Jersey.  Even though the burden is now shifted to Plaintiffs to come forward with proof that the Moving Defendant has substantial contacts with New Jersey the Moving Defendant refers to the Affidavit of Mr. Beau Vinton, President of Commonwealth Construction Company, Inc., attached hereto and marked Exhibit "B".  As set forth in Mr. Vinton's affidavit, Commonwealth Construction Company, a Delaware Corporation, has no offices in New Jersey and has never conducted business in New Jersey.  (See, Affidavit of Beau Vinton).

Accordingly, unless and until Plaintiffs come forward with actual proofs to establish some 'continuous and systematic' contact between the Moving Defendant and this forum, the Complaint against Commonwealth Construction Company, Inc., should be dismissed, with prejudice.[1]

---

[1]  Moving Defendant requests the right to supplement this Brief to address any purported continuous and systematic contacts, and/or the reasonableness of asserting this jurisdiction, should Plaintiffs provide any such proof.  However, with no known proofs, the Moving Defendant can not address the sum or substance of alleged contacts at this time.

**B.  In The Alternative, Plaintiffs' Complaint Must be Dismissed based upon Improper Venue (F.R.C.P. 12(b)(3))**

A civil action founded only on diversity of citizenship may only be brought in:

(1)  A judicial district where any Defendant resides, if all Defendants reside in the same state,

(2)  A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial of property that is subject of the action is situated, or

(3)  A judicial district in which any Defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For purposes of venue, a *corporate* defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction when the action is commenced.  28 U.S.C.§1391 (c).  For purposes of § 1332, a corporation is deemed to be a citizen of any state in which it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332 (c)(1).

In the instant action, Plaintiffs aver that

- Plaintiffs are residents of New Jersey;

- The Moving Defendant has a principal place of business in Wilmington Delaware; and

- the incident occurred in Delaware.

The only ties to the State of New Jersey are Plaintiffs' bald allegations that the Moving Defendant is licensed to do business in the State of New Jersey and conducts business in New Jersey.  (Complaint at ¶¶4, 2, see above).

Even assuming as true that the Moving Defendants are "licensed" to do business in New Jersey, this is insufficient to sustain venue and/or diversity of citizenship pursuant to the United States Code. Specifically, a corporation is deemed to be a citizen of the state where it is incorporated or where it has its principal place of business. As plead by Plaintiffs, the principal place of business is Wilmington, Delaware.

Furthermore, for purposes for an action founded on diversity of citizenship, this may only occur where a Defendant resides, any judicial district where a substantial part of the events occurred or where a Defendant is subject to personal jurisdiction. See, 28 U.S.C. § 1391(a), above.

As noted herein, the Moving Defendant is not a resident of New Jersey, the events occurred in Delaware, and, for the reasons previously set forth, Moving Defendant is not subject to personal jurisdiction in this forum. Accordingly, Plaintiffs allegations fail to meet the necessary venue requirements. Therefore, Plaintiffs' Complaint must be dismissed, as a matter of law, based upon improper venue.

### C. The Allegations against John Doe Defendants do not preclude this Court's granting of this Motion to Dismiss.

Plaintiffs also name as defendants "John Does 1-20" for purported construction site negligence, essentially for failing to provide adequate fall protection on the construction site. (See, Count Two of the Complaint.) Plaintiffs appear to have named the 20 John Doe Defendants in abundance of caution having filed this complaint on the eve of the statute of limitations to protect claims against "any other entities who owned, managed, maintained, inspected or were otherwise responsible for the safety and/or construction at the subject property". (Complaint at Count II, ¶3). Plaintiffs further

allege that the John Does contracted with the Moving Defendant, the general contractor on the site.

A review of the dockets reveal that no service has been made upon any John Doe Defendant, nor have any summonses been issues.  Therefore, the naming of the John Does does not effect this Court's determination of the Moving Defendant's Motion to Dismiss.  Plaintiff is still required to sustain his burden in proving personal jurisdictions as against the moving Defendants.

**CONCLUSION**:

For all of the aforestated reasons, the Moving Defendant, Commonwealth Construction Co., Inc. a/k/a, Commonwealth Construction Company, hereby requests that Plaintiffs' Complaint be dismissed, with prejudice,  as Plaintiff has conferred no personal jurisdiction, or in the alternative, has filed this action in an improper venue.

DEASEY, MAHONEY & BENDER, LTD.


/s Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.

<u>CERTIFICATE OF SERVICE</u>

I, SHERYL L. BROWN., ESQUIRE, hereby certify that a true and correct copy of the Defendant's Motion to Dismiss was served this date on all counsel of record in the manner indicated below:

Electronic Filing:

**MICHAEL J. MCKENNA**
MCKENNA & MARCONI, ESQS.
648 LONGWOOD AVENUE
STATE HIGHWAY 38 & LONGWOOD AVENUE
CHERRY HILL, NJ 08002

DEASEY, MAHONEY & BENDER, LTD.

/s Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.

March 1, 2007

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | CIVIL ACTION NO: 07-0541 |
| | : | |
| PLAINTIFFS, | : | |
| v. | : | The Honorable Noel L. Hillman |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC. and JOHN DOES 1-20 | : | Defendant Commonwealth |
| (fictitious names of individuals, sole | : | Construction Company Inc's |
| Proprietors, partnerships, corporations, or | : | Motion to Dismiss Pursuant to |
| any entities who owned, managed, | : | F.R.C.P. 12(b)(2), or in the |
| maintained  inspected and/or constructed | : | alternative 12(b)(3). |
| the subject | : | |
| Property) jointly, severally or in the | : | |
| Alternative | : | |
| DEFENDANTS | : | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon

consideration of Defendant Commonwealth Construction Company's Motion to Dismiss,

and any response thereto, it is hereby ORDERED and DECREED that Defendant's

Motion is GRANTED, and, Plaintiffs' Complaint is dismissed, with prejudice.

**BY THE COURT:**

_____

J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

RECEIVED
U.S. CLERK

2007 FEB -1  P 3: 34

UNITED STATES
DISTRICT COURT

MARK BEKIER and  RENEE BEKIER            :    CIVIL ACTION NO.
217 Bradley Ave.                         :
Bellmawr, New Jersey                     :
                                         :
                 Plaintiffs,             :
                                         :
        v.                               :
                                         :
COMMONWEALTH CONSTRUCTION COMPANY, INC : COMPLAINT and JURY
aka COMMONWEALTH CONSTRUCTION COMPANY : TRIAL DEMAND
and JOHN DOES 1-20 (fictitious           :
names of individuals, sole proprietors :
partnerships, corporations, or any       :
entities who owned, managed,             :
maintained, inspected and/or             :
constructed the subject property);       :
jointly, severally or in the             :
alternative.                             :
                 Defendants

------------------------------------------------------------

### JURISDICTION

1.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 (a), as there is diversity of citizenship and the matter in controversy exceeds On e Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

2.    Plaintiffs, Mark and Renee Bekier are citizens of
the County of Camden, State of New Jersey, residing at 217
Bradley Ave., Bellmawr, New Jersey.

3.    Defendant Commonwealth Constructions' principal
place of business is 2317 Pennsylvania Ave., Wilmington,
Delaware 19899.

4.    Commonwealth Construction is licensed to do
business in the State of New Jersey and in fact conducts
substantial business in New Jersey.

## INTRODUCTION TO THE PARTIES

### Mark Bekier

1.    On February 2005, Mark Bekier and his employer,
KNZ Construction Inc., 125 N Park Street, Dallastown, PA
17313, were hired by Commonwealth Construction Company to
install among other things, a cowl wall system on the roof
of the building located at 51 West Main Street in
Middletown, Delaware. Mr. Bekier was in the course and
scope of his employment as a construction worker when he
fell approximately 10 feet to the ground while preparing
the roofing for installation of the cowl wall system.  Mr.
Bekier was taken to the Trauma Unit at Christiana Hospital
in Christina, Delaware, where he was diagnosed with
compound fractures to his left leg, which required surgery

with rods and screws to repair the break. On February 11, 2005 Mr. Bekier required a second surgery at Cooper Hospital in Camden, New Jersey on his right heel that also required the installation of screws and plates. Mark Bekier is presently 46 years old and suffers from permanent disability as a result of the fall. Before, during and after this accident, Renee Bekier was/is the wife of Mark Bekier.

### Commonwealth Construction Company, Inc.

2. Commonwealth Construction Company, Inc. (hereinafter Commonwealth Construction) is the general contractor and/or sub-contractor who hired Mark Bekier and his employer, KNZ Construction, on or before February 2, 2005 to install among other things, a cowl wall system on the roof where Mr. Bekier was injured. Commonwealth Construction failed to adhere to the principles of construction safety management in that they did not provide a safe work place free from hazards including weather related hazards, they did not provide warnings of such hazards and they did not provide all appropriate safety equipment, including without limitation, crawling boards, safety lines, safety belts or other personal fall arrest systems utilized by the construction industry for Mr.

Bekier. Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899. Commonwealth Construction does business in multiple states including but not limited to Pennsylvania, New Jersey and Maryland.

## COUNT ONE

### CONSTRUCTION SITE NEGLIGENCE

1. On February 2, 2005, Mark Bekier sustained severe injuries when he fell approximately 10 feet to the ground while trying to install among other things, a cawl wall system on the roof of a building at 51 West Main Street, Middletown, Delaware.

2. Mr. Bekier and his employer, KNZ Construction, were on the premises as a sub-contractor of defendant, Commonwealth Construction.

3. Defendant Commonwealth Construction was the contractor that hired Mr. Bekier and his employer, KNZ Construction, to install among other things, a cowl wall system on the roof at 51 West Main Street, Middletown, Delaware.

4. Defendant Commonwealth Construction has its principal place of business at 2317 Pennsylvania Ave., Wilmington, Delaware.

5.  Mr. Bekier was in the course and scope of his job duties when he fell.

6.  Mr. Bekier was not provided with all appropriate safety equipment.

7.  Defendant Commonwealth Construction had control of the work area during the construction period.

8.  Defendant Commonwealth Construction had a non-delegable duty to provide a safe workplace for Mr. Bekier and all others working at the property where Mr. Bekier was injured.

9.  Defendant Commonwealth Construction was negligent because, among other things, they failed to provide a reasonably safe workplace to Mr. Bekier and others. Specifically, defendant Commonwealth Construction failed to provide a safe work place and all required safety equipment for his workers, including crawling boards, safety lines, safety belts or other personal fall arrest systems utilized in the construction industry.

10.  Defendant Commonwealth Construction was negligent in failing to inspect the worksite for safety deficiencies, eliminate these deficiencies and failing to warn of such deficiencies including weather related deficiencies.

11. Defendant Commonwealth Construction had knowledge of the dangerous fall conditions and knew that they were in

violation of OSHA regulations, or alternately should have so known.

12. The acts and/or omissions of defendant Commonwealth Construction, which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

13. The unsafe workplace violated OSHA regulations.

14. As a proximate cause of the negligence of defendant Commonwealth Construction, Mr. Bekier has suffered permanent physical and emotional injuries, including fractures to his right leg and heel, which required surgery and rods, screws and plates repair. He will continue to suffer emotional and physical injuries and will incur future wage losses.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against the defendant Commonwealth Construction Company Inc., for compensatory and punitive damages, interest and costs of suit.

**COUNT TWO**

**MARK BEKIER v. JOHN DOES #1-20**

**CONSTRUCTION SITE NEGLIGENCE**

1.  Mark Bekier repeats all of the allegations of all of the preceding Counts of this Complaint.

2.  On February 2, 2005, Mark Bekier, age 46, was working for his employer, KNZ Construction at a property located at 51 West Main Street, Middletown, Delaware.

3.  Defendant John Does #1-20 are fictitious names of individuals, sole proprietors, partnerships, corporations or any other entities who owned, managed, maintained, inspected, or were otherwise responsible for the safety and/or construction at the subject property.

4.  Defendant John Does #1-20 had contracted with Commonwealth Construction, to install among other things, a cowl wall system on the roof of a building at 51 West Main Street, Wilmington, Delaware.  As part of its job, employees were required to work on roofs.

5.  Mark Bekier was in the course and scope of his job duties when he fell approximately 10 feet to the ground while trying to install among other things a cowl wall system.

6.  There was no adequate fall protection utilized on the job site in the area where Mr. Bekier fell.

7. Defendant John Does #1-20 had a duty to provide a safe work place for Mr. Bekier and all others lawfully on the premises. Such duty included the elimination of all hazards including weather related hazards, and the provision of warning of such hazards. Defendants failed in this duty which failure was a proximate cause of Plaintiff's injuries.

8. Defendant John Does #1-20 was negligent because, among other things, they failed to properly secure the area with crawling boards, safety lines, safety belts, or other personal fall arrest systems and failed to provide a safe work place to Mr. Bekier.

9. As a proximate cause of the negligence of John Does #1-20, Mr. Bekier has suffered permanent physical injuries. He will continue to suffer physical injuries and will incur future wage losses.

10. The acts and/or omissions of defendant John Does #1-20 which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against defendant John Does #1-20 for compensatory

damages, interest, and costs of suit.

### COUNT THREE
### Consortium

1.   Plaintiffs, Mark Bekier and Renee Bekier, his wife, repeat each and every allegation contained in the First and Second Counts as if set forth at length.

2.   As a proximate result of the negligence of the Defendant, Commonwealth Construction Company, and John Does 1-20 the Plaintiff, Renee Bekier, has been deprived of the services and society of her husband, Mark Bekier.

WHEREFORE, the Plaintiff, Renee Bekier, demands judgment against the Defendants, for damages, interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

**PLEASE   TAKE   NOTICE** that Plaintiff in the within action herby demands a trial jury pursuant to the Rules of this Court.

Dated:   January 31, 2007

_____
MICHAEL J. McKENNA, ESQUIRE

02/23/2007  08:33  2025542504    COMMONWEALTH CONSTRU    PAGE  02
Case 1:07-cv-00626-JJF    Document 4-4    Filed 03/01/2007    Page 1 of 2    PAGE
P.03

FEB-22-2007  16:07

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MARK BEKIER and                          :
RENEE BEKIER,                            :
             **Plaintiffs**        :        Civil Action No.
                             :
v.                                       :
                             :
Commonwealth Construction Company,       :
Inc. a/k/a Commonwealth Construction     :
Company, inc. and John Does (#1-20),     :
             **Defendants**

## AFFIDAVIT OF BEAU VINTON

    I, Beau Vinton, declare:

1.    I am President of Commonwealth Construction Company, Inc.

2.    Commonwealth Construction Company, Inc. is a Delaware Corporation,
    incorporated in *. APRIL 1981

3.    The principal business address of Commonwealth Construction Company,
    Inc. is 2317 Pennsylvania Avenue, Wilmington, DE. ~~19899.~~ 19806

4.    Commonwealth Construction Company, Inc. is not licensed to do business in
    the State of New Jersey.

5.    Commonwealth Construction Company, Inc. has never conducted business in
    the State of New Jersey.

6.    Commonwealth Construction Company, Inc. has no offices located in the
    State of New Jersey.

    I declare under penalty of perjury that the foregoing is true and correct and

personally known to me.

Commonwealth Construction Company, Inc.

By: Beau Vinton, President