LAW OFFICES
# MICHAEL J. McKENNA, P.C.
State Highway 38 and Longwood Avenue
648 Longwood Avenue
Cherry Hill, New Jersey 08002

MICHAEL J. McKENNA
(Licensed In N.J. and Pa.)

Telephone
(856) 665-7771
Fax: 665-7766

March 30, 2007

Clerk, U. S. District Court
Mitchell H. Cohen U. S. Courthouse
1 John F. Gerry Plaza
Camden, New Jersey 08101

**Re:  Mark Bekier vs. Commonwealth Construction**
     **Docket No.: 07-0541**

Dear Sir/Madam:

Enclosed herewith please find an original and two copies of our Brief in Opposition.

Please execute and return a copy to me in the envelope provided for your convenience. Thank you.

Very truly yours,

MICHAEL J. MC KENNA

MJM:dg
Enclosures
cc: Sheryl L. Brown, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BEKIER and RENEE BEKIER<br>217 Bradley Ave.<br>Bellmawr, New Jersey<br><br>　　　　　　Plaintiffs,<br>　　vi.<br><br>COMMONWEALTH CONSTRUCTION COMPANY, INC<br>aka COMMONWEALTH CONSTRUCTION COMPANY<br>and JOHN DOES 1-20 (fictitious<br>names of individuals, sole proprietors<br>partnerships, corporations, or any<br>entities who owned, managed,<br>maintained, inspected and/or<br>constructed the subject property);<br>jointly, severally or in the<br>alternative.<br>　　　　　　Defendants | CIVIL ACTION NO.: 07-0541<br><br><br><br><br><br>OPPOSITION<br>TO MOTION TO DISMISS |

### COUNTERSTATEMENT OF FACTS

Plaintiffs Mark and Renee Bekier commenced this litigation following an injury sustained by Mark Bekier on February 2, 2005 while in the course and scope of his employment. See Plaintiff's Complaint, attached hereto as Exhibit A. At the time of his injury, Mark Bekier was employed by KnZ Construction ("KnZ") of Dallastown, PA. KnZ has a business location in Haddon Heights, NJ and conducts business from that location. KnZ was hired by defendant Commonwealth Construction Company ("Commonwealth") to install a roofing system on a building in Middletown, Delaware. Commonwealth's principal place of business is 2317 Pennsylvania Ave., Wilmington, DE.

Commonwealth holds itself out to the public as a company that does substantial business in a variety of states adjacent to Delaware, including Pennsylvania, Maryland and New Jersey. An investigator from our office contacted Commonwealth on January

30, 2007 and was told that Commonwealth does, in fact, perform work in several states, including Delaware, Pennsylvania, Maryland and New Jersey. See Exhibit B, Affidavit of Gary Krohn. Therefore is it respectfully submitted that Commonwealth does conduct business in New Jersey, and does solicit business from New Jersey residents.

Moreover, Commonwealth contracts with companies that do business in New Jersey, such as KnZ. Accordingly it is reasonably foreseeable that some or all employees of such contractors could be New Jersey residents. Commonwealth has taken advantage of New Jersey as a forum in which to do business, directly on its own, and indirectly through the use of New Jersey-based contractors. These actions establish sufficient minimum contacts between Commonwealth and the State of New Jersey to bring Commonwealth within the jurisdiction of this court. Accordingly, defendant's motion should be denied.

LEGAL ARGUMENT

I. JURISDICTION IN THE UNITED STATES DISTRICT COURT IS PROPER.

The United States District Court has original jurisdiction over any action where there is diversity of citizenship between the parties and the amount in controversy exceeds the statutory limit. 28 U.S.C.A. §1332. There is no dispute in this matter that plaintiffs reside in New Jersey. Similarly, there is no dispute that Commonwealth is a corporation with its principal place of business in Wilmington, Delaware. Thus there is diversity of citizenship between the parties pursuant to federal law, which confers jurisdiction over this matter on the United States

District Court.

II. JURISDICTION IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY.

As noted above, plaintiff has been advised by representatives of Commonwealth that the company does in fact conduct business in New Jersey, notwithstanding the un-notarized Affidavit of Commonwealth's president. Commonwealth also subcontracts with New Jersey companies. It is respectfully submitted that this is a sufficient nexus between Commonwealth and New Jersey to create jurisdiction.

A court may only exercise personal jurisdiction over a defendant in a state with which the defendant has "Certain minimum contacts ... such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). These contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Where the cause of action does not arise within the forum, the plaintiff bears the burden of proving that the non-resident defendant had "continuous and systematic" contacts with the forum so as to establish general jurisdiction. *See Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 438 (3d Cir.1987).

Plaintiff acknowledges that the cause of action did not arise within New Jersey. However, Commonwealth has represented to plaintiff's investigator that it does in fact regularly do business in multiple states including New Jersey. Commonwealth also subcontracts with companies that are located in New Jersey. It is respectfully submitted that this is precisely the kind of continuous and systematic contact that establishes general jurisdiction. At the very least, this establishes sufficient minimum contacts such that maintenance of this action in New Jersey does not offend traditional notions of fair play and

substantial justice.

### III. ALTERNATIVELY, IF THIS COURT FINDS THAT VENUE IS IMPROPER IN THE DISTRICT OF NEW JERSEY, PLAINTIFF'S COMPLAINT SHOULD BE TRANSFERRED NOT DISMISSED.

Plaintiff submits that jurisdiction in the District Court of the United States is proper based on 28 U.S.C.A. §1332, and that venue is proper in New Jersey. However, should this court determine that venue is not proper in the United States District Court for the District of New Jersey, it is respectfully requested that this court exercise its power under 28 U.S.C.A. §1406 and transfer this matter in the interest of justice. 28 U.S.C.A. §1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The interest of justice respectfully requires that this matter be transferred rather than dismissed.

Plaintiff filed this matter in the United States District for the District of New Jersey based upon the belief that Commonwealth had sufficient contacts with this state to confer jurisdiction and venue on our District Court. Plaintiff still believes that to be true. However, should this court believe otherwise, it is respectfully submitted that the proper course of action is a transfer to the District of Delaware rather than a dismissal. F.R.Cv.P 12b(3) permits a defendant to seek a dismissal based on a challenge of venue. F.R.Cv.P. 41(b) states that an involuntary dismissal based on improper venue does not act as an adjudication

on the merits. However, should the court grant defendant's pending motion to dismiss that will be the result, however unintended. The statute of limitations in this matter ran on February 2, 2007, less than sixty days ago. An outright dismissal would act as an adjudication on the merits of plaintiff's claim as he would be time-barred from refilling in another court. That is not what the rules intended when dismissing a case for improper venue.

Moreover, 28 U.S.C.A. §1406(a) specifically addresses this contingency when it empowered the district to transfer a matter to a different venue in the interests of justice. The defendant can hardly claim prejudice for having to defend this matter in the District of Delaware since the sole basis of its motion is that it is a Delaware corporation doing business in Delaware, and thus was sued in the wrong court. It is respectfully submitted that the interests of justice are best served by transferring this matter to the District of Delaware and allowing plaintiff his opportunity to pursue what is facially a valid claim against Commonwealth.

## CONCLUSION

For all of the reasons set forth above, it is respectfully submitted that the District Court of the United States has jurisdiction over this matter based on 28 U.S.C.A §1332. Plaintiff further submits that the District Court of New Jersey has appropriate jurisdiction and is a proper venue for suit against defendant Commonwealth Construction. On that basis defendant's motion should be denied. However, should this court

disagree and believe that venue is improperly laid in New Jersey, it is respectfully requested that this court exercise its power under 28 U.S.C.A. §1406 and transfer this matter to the United States District Court for the District of Delaware, where defendant claims to be resident.

Respectfully submitted,

MICHAEL J. McKENNA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BEKIER and  RENEE BEKIER<br>217 Bradley Ave.<br>Bellmawr, New Jersey<br><br>          Plaintiffs,<br><br>     v.<br><br>COMMONWEALTH CONSTRUCTION COMPANY, INC<br>aka COMMONWEALTH CONSTRUCTION COMPANY<br>and JOHN DOES 1-20 (fictitious<br>names of individuals, sole proprietors,<br>partnerships, corporations, or any<br>entities who owned, managed,<br>maintained, inspected and/or<br>constructed the subject property);<br>jointly, severally or in the<br>alternative.<br><br>          Defendants | CIVIL ACTION NO.:<br><br><br><br><br><br>COMPLAINT and JURY<br>TRIAL DEMAND |

------------------------------------------------------------

## JURISDICTION

1.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 (a), as there is diversity of citizenship and the matter in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

2. Plaintiffs, Mark and Renee Bekier are citizens of the County of Camden, State of New Jersey, residing at 217 Bradley Ave., Bellmawr, New Jersey.

3. Defendant Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899.

4. Commonwealth Construction is licensed to do business in the State of New Jersey and in fact conducts substantial business in New Jersey.

### INTRODUCTION TO THE PARTIES

#### Mark Bekier

1. On February 2005, Mark Bekier and his employer, KNZ Construction Inc., 125 N Park Street, Dallastown, PA 17313, were hired by Commonwealth Construction Company to install among other things, a cowl wall system on the roof of the building located at 51 West Main Street in Middletown, Delaware. Mr. Bekier was in the course and scope of his employment as a construction worker when he fell approximately 10 feet to the ground while preparing the roofing for installation of the cowl wall system. Mr. Bekier was taken to the Trauma Unit at Christiana Hospital in Christina, Delaware, where he was diagnosed with compound fractures to his left leg, which required surgery

with rods and screws to repair the break. On February 11, 2005 Mr. Bekier required a second surgery at Cooper Hospital in Camden, New Jersey on his right heel that also required the installation of screws and plates. Mark Bekier is presently 46 years old and suffers from permanent disability as a result of the fall. Before, during and after this accident, Renee Bekier was/is the wife of Mark Bekier.

Commonwealth Construction Company, Inc.

2. Commonwealth Construction Company, Inc. (hereinafter Commonwealth Construction) is the general contractor and/or sub-contractor who hired Mark Bekier and his employer, KNZ Construction, on or before February 2, 2005 to install among other things, a cowl wall system on the roof where Mr. Bekier was injured. Commonwealth Construction failed to adhere to the principles of construction safety management in that they did not provide a safe work place free from hazards including weather related hazards, they did not provide warnings of such hazards and they did not provide all appropriate safety equipment, including without limitation, crawling boards, safety lines, safety belts or other personal fall arrest systems utilized by the construction industry for Mr.

Bekier. Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899. Commonwealth Construction does business in multiple states including but not limited to Pennsylvania, New Jersey and Maryland.

## COUNT ONE

### CONSTRUCTION SITE NEGLIGENCE

1. On February 2, 2005, Mark Bekier sustained severe injuries when he fell approximately 10 feet to the ground while trying to install among other things, a cawl wall system on the roof of a building at 51 West Main Street, Middletown, Delaware.

2. Mr. Bekier and his employer, KNZ Construction, were on the premises as a sub-contractor of defendant, Commonwealth Construction.

3. Defendant Commonwealth Construction was the contractor that hired Mr. Bekier and his employer, KNZ Construction, to install among other things, a cowl wall system on the roof at 51 West Main Street, Middletown, Delaware.

4. Defendant Commonwealth Construction has its principal place of business at 2317 Pennsylvania Ave., Wilmington, Delaware.

5. Mr. Bekier was in the course and scope of his job duties when he fell.

6. Mr. Bekier was not provided with all appropriate safety equipment.

7. Defendant Commonwealth Construction had control of the work area during the construction period.

8. Defendant Commonwealth Construction had a non-delegable duty to provide a safe workplace for Mr. Bekier and all others working at the property where Mr. Bekier was injured.

9. Defendant Commonwealth Construction was negligent because, among other things, they failed to provide a reasonably safe workplace to Mr. Bekier and others. Specifically, defendant Commonwealth Construction failed to provide a safe work place and all required safety equipment for his workers, including crawling boards, safety lines, safety belts or other personal fall arrest systems utilized in the construction industry.

10. Defendant Commonwealth Construction was negligent in failing to inspect the worksite for safety deficiencies, eliminate these deficiencies and failing to warn of such deficiencies including weather related deficiencies.

11. Defendant Commonwealth Construction had knowledge of the dangerous fall conditions and knew that they were in

violation of OSHA regulations, or alternately should have so known.

12. The acts and/or omissions of defendant Commonwealth Construction, which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

13. The unsafe workplace violated OSHA regulations.

14. As a proximate cause of the negligence of defendant Commonwealth Construction, Mr. Bekier has suffered permanent physical and emotional injuries, including fractures to his right leg and heel, which required surgery and rods, screws and plates repair. He will continue to suffer emotional and physical injuries and will incur future wage losses.

**WHEREFORE,** the Plaintiff, Mark Bekier, demands judgment against the defendant Commonwealth Construction Company Inc., for compensatory and punitive damages, interest and costs of suit.

### COUNT TWO

### MARK BEKIER v. JOHN DOES #1-20

### CONSTRUCTION SITE NEGLIGENCE

1. Mark Bekier repeats all of the allegations of all of the preceding Counts of this Complaint.

2. On February 2, 2005, Mark Bekier, age 46, was working for his employer, KNZ Construction at a property located at 51 West Main Street, Middletown, Delaware.

3. Defendant John Does #1-20 are fictitious names of individuals, sole proprietors, partnerships, corporations or any other entities who owned, managed, maintained, inspected, or were otherwise responsible for the safety and/or construction at the subject property.

4. Defendant John Does #1-20 had contracted with Commonwealth Construction, to install among other things, a cowl wall system on the roof of a building at 51 West Main Street, Wilmington, Delaware. As part of its job, employees were required to work on roofs.

5. Mark Bekier was in the course and scope of his job duties when he fell approximately 10 feet to the ground while trying to install among other things a cowl wall system.

6. There was no adequate fall protection utilized on the job site in the area where Mr. Bekier fell.

7. Defendant John Does #1-20 had a duty to provide a safe work place for Mr. Bekier and all others lawfully on the premises. Such duty included the elimination of all hazards including weather related hazards, and the provision of warning of such hazards. Defendants failed in this duty which failure was a proximate cause of Plaintiff's injuries.

8. Defendant John Does #1-20 was negligent because, among other things, they failed to properly secure the area with crawling boards, safety lines, safety belts, or other personal fall arrest systems and failed to provide a safe work place to Mr. Bekier.

9. As a proximate cause of the negligence of John Does #1-20, Mr. Bekier has suffered permanent physical injuries. He will continue to suffer physical injuries and will incur future wage losses.

10. The acts and/or omissions of defendant John Does #1-20 which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against defendant John Does #1-20 for compensatory

damages, interest, and costs of suit.

### COUNT THREE
### Consortium

1. Plaintiffs, Mark Bekier and Renee Bekier, his wife, repeat each and every allegation contained in the First and Second Counts as if set forth at length.

2. As a proximate result of the negligence of the Defendant, Commonwealth Construction Company, and John Does 1-20 the Plaintiff, Renee Bekier, has been deprived of the services and society of her husband, Mark Bekier.

WHEREFORE, the Plaintiff, Renee Bekier, demands judgment against the Defendants, for damages, interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that Plaintiff in the within action herby demands a trial jury pursuant to the Rules of this Court.

Dated: January 31, 2007

_____
MICHAEL J. McKENNA, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BEKIER and RENEE BEKIER<br>217 Bradley Ave.<br>Bellmawr, New Jersey<br><br>            Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH CONSTRUCTION COMPANY, INC<br>aka COMMONWEALTH CONSTRUCTION COMPANY<br>et al<br><br>            Defendants | : CIVIL ACTION NO.: 07-0541<br>:<br>:<br>:<br>:<br>:<br>:<br>: AFFIDAVIT OF GARY R. KROHN<br>:<br>:<br>:<br>: |

STATE OF NEW JERSEY:
                    ss
COUNTY OF CAMDEN    :

I, GARY KROHN, being of full age do upon my oath depose and say:

1. I am an investigator for the law firm of Michael McKenna.

2. On January 30, 2007, I personally contacted Commonwealth Construction Company by telephoning them at 302-654-6611.

3. A female answered the phone and indicated that she was familiar with Commonwealth Construction's business. The person answering the telephone told me they didn't have a website but she could send me a brochure.

4. I asked her if Commonwealth Construction Company did business in any states besides Delaware. She specifically told me that Commonwealth Construction did work "all over the area", including New Jersey, Pennsylvania, Delaware and Maryland.

5. She indicated that she would forward me a brochure to my residence in New Jersey.

                                    _____
                                    GARY R. KROHN

Subscribed and sworn to
before me this _____ day
of _____ 2007
_____
Notary Public
NJ Atty