IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | CIVIL ACTION NO: 07-0541 |
| | : | |
| PLAINTIFFS, | : | |
| v. | : | The Honorable Noel L. Hillman |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC. and JOHN DOES 1-20 | : | Defendant Commonwealth |
| | : | Construction Company Inc's |
| DEFENDANTS | : | Motion to Strike Plaintiff's |
| | | Opposition Brief |
| | : | to Defendant's Motion to Dismiss or |
| | : | in the Alternative, Reply to |
| | | Plaintiffs' Opposition Brief |

**Return Date:  April 6, 2007**

Defendant, Commonwealth Construction Co., Inc. a/k/a Commonwealth
Construction Company (hereinafter referred to as "Moving Defendant") hereby files this
Motion to Strike Plaintiffs' Response to Defendant's Motion to Dismiss, or in the
alternative, Reply to Plaintiff's Opposition Brief and in support thereof, avers as follows:

1.     Plaintiffs filed a Complaint in this matter on February 1, 2007, damages
resulting from personal injuries sustained on February 2, 2005.

2.     On March 1, 2007, Moving Defendant timely filed a Motion to Dismiss
pursuant to F.R.C.P. 12(b)(2) or, in the alternative 12(b)(3).

3.     On March 2, 2007, this Court issued a Notice setting forth a response
deadline of April 6, 2007.  (A true and correct copy of the Court's electronic notice is
attached hereto marked Exhibit "A").

4.     Plaintiffs' counsel was provided notice of the Motion Return date of April
6, 2007, via first class mail.  (See, Exhibit "A").

5.      Plaintiffs response was due fourteen (14) days before the Return Date. L.R.Civ. 7.1(d)(2).

6.      Plaintiffs failed to file a response pursuant to Local rule or before April 6, 2007.  (A true and correct copy of the Docket entries as of April 18, 2007 are attached hereto marked Exhibit "B").

7.      On April 17, 2007, the undersigned counsel received Plaintiffs' Opposition Brief.  The postage date on the envelope was April 13, 2007, seven days after the Return Date.  (A true and correct copy of the envelope, with postage date, is attached hereto marked Exhibit "C").

8.      On April 18, 2007, a Notice of Electronic Filing was issued noting the entry of the filing of Plaintiffs' Opposition Brief on April 17, 2007.  See, Docket.

9.      Plaintiffs filed their Opposition to Moving Defendant's Motion to Dismiss eleven (11) days after the Court Ordered Return Date, without permission to file out of time, or without an automatic extension pursuant to L.R.Civ. 7.1(d)(5).  See, Docket.

10.      Accordingly, Moving Defendant requests that Plaintiffs' Opposition Brief be stricken as being filed too late, and that Defendant's unopposed Motion to Dismiss be granted.  See, L.R.Civ. 7.1(d)(7).

11.      In the alternative, should this court deny Moving Defendant's Motion to Strike Plaintiffs' Opposition Brief, the Moving Defendant respectfully submits this reply to Plaintiff's Opposition Brief.

12.      For the reasons set forth more fully in Moving Defendant's supporting memorandum of law, incorporated by reference herein, Plaintiffs' Opposition Brief, and supporting affidavit, fail to meet Plaintiffs' burden of providing actual proofs which

establish "with reasonable particularity" the nature and extent of the defendant's contacts with the forum state.  See,  <u>Patterson v. FBI</u>, 893 F.2d 595, 603-4 (3rd Cir. 1990), which requires a Plaintiff to sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.

13.    Specifically, the affidavit attached to Plaintiffs' Opposition Brief is insufficient to establish any jurisdictional facts and should be provided no weight.   As a result, Plaintiffs have failed to set forth any jurisdictional facts in response to the  Motion to Dismiss.

14.    Accordingly, for the reasons set forth in the Moving Defendant's Motion to Dismiss, its supporting memorandum, and the reasons set forth herein, Plaintiffs' Complaint should be dismissed, as a matter of law.

DEASEY, MAHONEY & BENDER, LTD.

/s  Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.

April 19, 2007

CERTIFICATE OF SERVICE

I, SHERYL L. BROWN., ESQUIRE, hereby certify that a true and correct copy of the Defendant's Motion to Strike, or in the alternative, Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss was served this date on all counsel of record in the manner indicated below:

First Class Mail:

**MICHAEL J. MCKENNA**
Michael J. McKenna, P.C.
648 LONGWOOD AVENUE
STATE HIGHWAY 38 & LONGWOOD AVENUE
CHERRY HILL, NJ 08002

DEASEY, MAHONEY & BENDER, LTD.

 /s Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.

April 19, 2007

IN THEUNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | CIVIL ACTION NO: 07-0541 |
| | : | |
| PLAINTIFFS, | : | |
| v. | : | The Honorable Noel L. Hillman |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC. and JOHN DOES 1-20 | : | Defendant Commonwealth |
| DEFENDANTS | : | Construction Company Inc's |
| | : | Brief in Support of its |
| | : | Motion to Strike or in the |
| | : | alternative, Reply to Plaintiffs' |
| | : | Opposition Brief |

**Return Date: April 6, 2007**

---

Defendant, Commonwealth Construction Co., Inc., a/k/a Commonwealth

Construction Company (hereinafter referred to as "Moving Defendant") hereby files this

Memorandum of Law in support of its Motion to Strike or in the alternative, Reply to

Plaintiffs' Opposition Brief  and avers as follows:

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

<u>CSR Ltd. V. Federal Insurance Co.</u>, 141 F.Supp.2d 484…………………………………………3

<u>Roda v. Southern New England School of Law</u>, 255 F.Supp.2d 346 (D.N.J. 2003)……4,6

<u>Patterson v. FBI</u>, 893 F.2d 595, 603-4 (3rd Cir. 1990)………………………………………3

### <u>Statutes</u>

28 U.S.C. § 1631………………………………………………………………………………..5

### <u>Rules</u>

Federal Rule of Civil Procedure 12(f) ……………………………………………………………2

L.Civ.R. 7.1 (d)(2).    …………………………………………………………………………..2

L.Civ.R. 7.1(d)(5) ………………………………………………………………………………...2

L.Civ.R. 7.1(d)(7)………………………………………………………………………………2

**I.    BRIEF STATEMENT OF FACTS**:

Plaintiffs, Mark Bekier and Renee Bekier commenced this litigation on February 1, 2007, stemming from injuries Plaintiff Mark Bekier allegedly suffered on February 2, 2005, when Plaintiff, purportedly, in the course and scope of his employment, fell approximately 10 feet to the ground.  On March 1, 2007, Moving Defendant timely filed a Motion to Dismiss based upon F.R.C.P. 12(b)(2) or 12(b)(3).

This Court Ordered a Return Date of April 6, 2007. (See, March 2, 2007 Notice attached hereto marked Exhibit "A").  Plaintiffs failed to file any opposition to Moving Defendant's Motion to Dismiss prior to April 6, 2007.  On April 17, 2007, the undersigned counsel received an Opposition Brief.  The postage dated on the envelope was April 13, 2007.  (A true and copy photocopy of the envelope is attached hereto marked Exhibit "B").

On April 18, 2007, twelve (12) days after the Motion Return Date, the undersigned counsel received a notice of filing of Plaintiffs' Opposition Brief. (A true and correct copy of the Dockets as of April 18, 2007 are attached hereto marked Exhibit "C").   Plaintiffs filed their Opposition outside the time imposed by the Court.

Because Plaintiffs filed their Opposition Brief out of time, Moving Defendant requests that Plaintiffs' Opposition be Stricken, as having failed to comply with the Court Ordered Return Date.

In the alternative, should this Court deny the instant Motion to Strike, Moving Defendant respectfully requests this Court accept this filing as a Reply to Plaintiffs' Opposition Brief, and, grant Moving Defendant's Motion to Dismiss, as a matter of law.

1

## II.    LEGAL ARGUMENT

### A.    <u>Plaintiffs' Opposition Brief Was Untimely Filed and Should be Stricken</u>

Federal Rule of Civil Procedure 12(f) provides that upon motion of a party, or the court upon its' own initiative, may order stricken from any pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." F.R.C.P. 12(f)

Pursuant to L.Civ.R. 7.1(d)(7), the Court may <u>reject</u> any brief or paper not filed within the time specified. In this case, the Return Date was April 6, 2007. According to the Local Rules, Papers in Opposition to a motion are to be filed with the Clerk fourteen (14) days prior to the original motion date. L.Civ.R. 7.1 (d)(2). The respondent may seek an automatic extension pursuant to L.Civ.R. 7.1(d)(5) by filing, with the Clerk, and service upon all parties, a letter invoking the provisions of the Rule before the date on which opposition papers would be otherwise due.

The Plaintiffs herein failed to file any Opposition before the Return Date. Additionally, the undersigned counsel received no request for an automatic extension and the dockets fail to reflect the filing of such a request with the Clerk. (See, Docket).

Because Plaintiffs failed to file their opposition papers within the time prescribed by the Federal Rules of Civil Procedure, and this Court's Local Rules of Civil Procedure, the Moving Defendant requests that this Court reject and/or strike Plaintiffs' Opposition Brief.

Accordingly, Moving Defendant Requests that its unopposed Motion to Dismiss Plaintiff's Complaint be granted, and Plaintiffs' Complaint be Dismissed, with prejudice.

B.        In the Alternative, Plaintiffs' Complaint Should be Dismissed

Should this Court deny the Moving Defendant's Motion to Strike Plaintiffs'

Opposition Brief, in the alternative, Moving Defendant asserts that Plaintiffs have failed

to provide sufficient proof to establish "with reasonable particularity" any contacts

between Moving Defendant and New Jersey.

In an effort to sustain jurisdiction in New Jersey, Plaintiffs attach an Affidavit of

Gary Krohn, an investigator for the law firm of Michael McKenna.  (See, Affidavit

attached as Exhibit "B" to Plaintiffs' Opposition Brief.)  The Affidavit should be afforded

little or no weight.  Specifically, the Affidavit fails to contain sufficient proof to establish,

with reasonable particularity, any contacts between Moving Defendant and New Jersey.

CSR Ltd. V. Federal Insurance Co., 141 F.Supp.2d 484,490;  Patterson v. FBI, 893 F.2d

595, 603-4 (3rd Cir. 1990)

First, the Affidavit notes that Mr. Kohn telephoned the Moving Defendant at a

Delaware Telephone Number.  (See, Affidavit, ¶2).

Second, the affiant notes that a 'female answered the phone' who was 'familiar'

with Commonwealth's business.  (See, Affidavit, ¶3).  There is no identification of this

'female' by name or position, nor confirmation that she has authority to bind the

Defendant.  Accordingly, the 'female's representations are insufficient proof of facts to

support jurisdiction and have no weight as to Moving Defendant.  Simply, Plaintiffs have

not established any facts that the unnamed, unidentified female had any knowledge of the

Defendant or, whether she was in a position to bind the company to her purported

representations.

3

Third, the Affiant notes, in quotations, that the female stated the Moving Defendant did work "all over the place" – but, then generally provided that it included New Jersey, Pennsylvania, Delaware and Maryland, begging the question as to whether this was specifically stated by the 'female', whose name, occupation nor standing within Defendant's Company was defined. See, Affidavit, ¶4.

Fifth, Mr. Kohn refers to the a representation that the 'female' would send a brochure to his home.  This is insufficient to establish in personam jurisdiction.  (See, Roda v. Southern New England School of Law, 255 F.Supp.2d 346 (D.N.J. 2003), where no jurisdiction was found where plaintiff requested information from the law school.) Like Roda, even if Defendant forwarded a brochure[1], it was at the request of an agent of plaintiff.

Fourth, in conjunction with the late filing issue, the Attorney Notary does not appear to be dated.  See, Affidavit.

Like the allegations in Plaintiffs' Complaint, the facts set forth in the Affidavit are nothing more than bald assertions, without sufficient basis to support jurisdiction in New Jersey.  Even assuming all the statements, as true, there is no 'reasonable particularity' in any of the statements, to support general jurisdiction of this matter in New Jersey. Plaintiffs' investigator failed to identify the purported representative, failed to provide any follow up information (referencing the mailing of a brochure) and failed to confirm that the 'female' had authority to bind the company to the alleged vague statements provided.

4

---

[1] Although Mr. Kohn states a brochure was offered upon his request, there is no indication it was sent or received.

Accordingly, for the reasons set forth in Defendant's Motion to Dismiss with supporting Memorandum of Law, and this Reply, Plaintiffs' Complaint should be dismissed, with prejudice, as Plaintiffs have failed to establish sufficient ties to this Jurisdiction.

**C.      <u>Dismissal is an Appropriate Action</u>**

Plaintiffs argue that rather than dismissal, this Court should transfer this matter to the District Court of Delaware.  Dismissal of an action is appropriate where a party files an action in the improper venue.  A transfer of venue can only be completed if it is in the interest of justice.  28 U.S.C. §1631.

Plaintiffs chose to file this matter, in New Jersey District Court, on the eve of the running of the statute of limitations, even with the knowledge that (i) the accident occurred in Delaware; (ii) the Plaintiff was working in Delaware; (iii) Moving Defendant is a Delaware Corporation; and (iv) and Delaware was the location of their principal place of business. (See, Complaint).

To Plaintiffs' own peril, this matter was filed in New Jersey, the residence of the Plaintiffs, with no regard to the jurisdictional requirements – which would have dictated this matter be filed in Delaware.  Rather, Plaintiffs chose the wrong forum and now the statute has since run.  Additionally, Plaintiffs raise this argument within their untimely Opposition Brief – yet never requested a transfer as relief prior to this time, even though the instant Motion to Dismiss was filed over 7 weeks ago.

Defendant asserts that as this Court lacks jurisdiction, dismissal is a proper determination, and, it is not in the interest of justice to permit a claim to proceed against Defendant, in any forum.  See, <u>Roda</u>, supra, wherein the Court dismissed Plaintiffs'

Complaint. (In <u>Roda</u>, the Court determined there was no jurisdiction and did not address Defendant's argument regarding improper venue).

### III.    <u>CONCLUSION</u>

Moving Defendant, Commonwealth Construction Co., Inc. a/k/a, Commonwealth Construction Company, hereby requests that Plaintiffs' Opposition Brief be Stricken as untimely, and that Moving Defendant's unopposed Motion to Dismiss be Granted.

In the alternative, the Moving Defendant, for the reasons set forth in its Motion to Dismiss and this Reply, request that Plaintiffs' Complaint be dismissed, as a matter of law, with prejudice.

DEASEY, MAHONEY & BENDER, LTD.


/s Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.

6

<u>CERTIFICATE OF SERVICE</u>

I, SHERYL L. BROWN., ESQUIRE, hereby certify that a true and correct copy of the Defendant's Brief in support of its Motion to Strike Plaintiffs' Opposition, or, in the alternative, Reply Brief was served this date on all counsel of record in the manner indicated below:

First Class Mail:

**MICHAEL J. MCKENNA**
Michael J. McKenna, P.C.
648 LONGWOOD AVENUE
STATE HIGHWAY 38 & LONGWOOD AVENUE
CHERRY HILL, NJ 08002


DEASEY, MAHONEY & BENDER, LTD.


  /s Sheryl L. Brown
JANE A. NORTH, ESQUIRE
SHERYL L. BROWN, ESQUIRE
80 TANNER STREET
Haddonfield, NJ  08033
T:  856-429-6331
Attorneys for Defendant, Commonwealth
Construction Company, Inc.


April 19, 2007

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | CIVIL ACTION NO: 07-0541 |
| | : | |
| PLAINTIFFS, | : | |
| v. | : | The Honorable Noel L. Hillman |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC. and JOHN DOES 1-20 | : | Defendant Commonwealth |
| (fictitious names of individuals, sole | : | Construction Company Inc's |
| Proprietors, partnerships, corporations, or | : | Motion to Dismiss Pursuant to |
| any entities who owned, managed, | : | F.R.C.P. 12(b)(2), or in the |
| maintained  inspected and/or constructed | : | alternative 12(b)(3). |
| the subject | : | |
| Property) jointly, severally or in the | : | |
| Alternative | : | Return Date:  April 6, 2007 |
| DEFENDANTS | : | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon

consideration of Defendant Commonwealth Construction Company's Motion to Strike

Plaintiffs' Opposition Brief,  Plaintiffs' Opposition Brief is Stricken, and Defendant's

unopposed Motion to Dismiss is GRANTED:

In the alternative, upon consideration of Defendant Commonwealth Construction

Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss, Defendant's Motion

is GRANTED, and Plaintiffs' Complaint is dismissed, as a matter of law, with prejudice.

**BY THE COURT:**

_____

                                                                    J.

# EXHIBIT "A"

Sheryl Brown

| From: | njdefiling@njd.uscourts.gov |
|---|---|
| Sent: | Friday, March 02, 2007 10:46 AM |
| To: | ecfhelp@njd.uscourts.gov |
| Subject: | Activity in Case 1:07-cv-00541-NLH-JS BEKIER et al v. COMMONWEALTH CONSTRUCTION COMPANY, INC. et al "Set/Reset Motion and R&R Deadlines/Hearings" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing. DO NOT RESPOND TO THIS EMAIL, it is sent from an unattended mailbox. Send questions to ecfhelp@njd.uscourts.gov**

### U.S. District Court

### District of New Jersey [LIVE]

Notice of Electronic Filing

The following transaction was received from gn, entered on 3/2/2007 at 10:45 AM EST and filed on 3/1/2007

| **Case Name:** | BEKIER et al v. COMMONWEALTH CONSTRUCTION COMPANY, INC. et al |
|---|---|
| **Case Number:** | 1:07-cv-541 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
Setting Deadlines as to [4] First MOTION to Dismiss for Lack of Jurisdiction *of Defendant Commonwealth Construction Co.*. Motion returnable for 4/6/2007 before Judge Noel L. Hillman. (PLEASE BE ADVISED THE MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT) (gn )

The following document(s) are associated with this transaction:

**1:07-cv-541 Notice will be electronically mailed to:**

SHERYL LYNN BROWN     sbrown@dmbphila.com, sjohnson@dmbphila.com

arbtre    njdnefarbtre@njd.uscourts.gov

**1:07-cv-541 Notice will be delivered by other means to:**

MICHAEL J. MCKENNA
MCKENNA & MARCONI, ESQS.
648 LONGWOOD AVENUE
STATE HIGHWAY 38 & LONGWOOD AVENUE
CHERRY HILL, NJ 08002

4/18/2007

# EXHIBIT "B"

**U.S. District Court**
**District of New Jersey [LIVE] (Camden)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-00541-NLH-JS**

BEKIER et al v. COMMONWEALTH CONSTRUCTION
COMPANY, INC. et al
Assigned to: Judge Noel L. Hillman
Referred to: Magistrate Judge Joel Schneider
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 02/01/2007
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**MARK BEKIER**                                   represented by   **MICHAEL J. MCKENNA**
                                                                   MCKENNA & MARCONI, ESQS.
                                                                   648 LONGWOOD AVENUE
                                                                   STATE HIGHWAY 38 & LONGWOOD
                                                                   AVENUE
                                                                   CHERRY HILL, NJ 08002
                                                                   (856) 665-7771
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**RENEE BEKIER**                                  represented by   **MICHAEL J. MCKENNA**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**COMMONWEALTH CONSTRUCTION**                     represented by   **SHERYL LYNN BROWN**
**COMPANY, INC.**                                                  DEASEY, MAHONEY & BENDER, LTD.
*also known as*                                                    SUITE 1300
COMMONWEALTH CONSTRUCTION                                          1800 JOHN F. KENNEDY BLVD.
COMPANY                                                            PHILADELPHIA, PA 19103-2978
                                                                   215-587-9400
                                                                   Email: sbrown@dmbphila.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-20**
*(fictitious names of individuals, sole*
*proprietors partnerships, corporations, or any*
*entities who owned, managed, maintained,*
*inspected and/or constructed the subject*
*property); jointly, severally or in the*
*alternative*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 02/01/2007 | 1 | COMPLAINT against COMMONWEALTH CONSTRUCTION COMPANY, INC., JOHN DOES 1-20 ( Filing fee $ 350 receipt number 305809.) JURY DEMAND, filed by MARK BEKIER, RENEE BEKIER.(TH, ) (Entered: 02/02/2007) |
| --- | --- | --- |
| 02/02/2007 | | CASE REFERRED to Arbitration. (TH, ) (Entered: 02/02/2007) |
| 02/02/2007 | 2 | Summons Issued as to COMMONWEALTH CONSTRUCTION COMPANY, INC..Days Due - 20. (TH, ) (Entered: 02/02/2007) |
| 03/01/2007 | 3 | NOTICE of Appearance by SHERYL LYNN BROWN on behalf of COMMONWEALTH CONSTRUCTION COMPANY, INC. (BROWN, SHERYL) (Entered: 03/01/2007) |
| 03/01/2007 | 4 | First MOTION to Dismiss for Lack of Jurisdiction *of Defendant Commonwealth Construction Co.* by COMMONWEALTH CONSTRUCTION COMPANY, INC.. Responses due by 3/15/2007 (Attachments: # 1 # 2 # 3)(BROWN, SHERYL) (Entered: 03/01/2007) |
| 03/01/2007 | | Setting Deadlines as to 4 First MOTION to Dismiss for Lack of Jurisdiction *of Defendant Commonwealth Construction Co.*. Motion returnable for 4/6/2007 before Judge Noel L. Hillman. (PLEASE BE ADVISED THE MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT) (gn ) (Entered: 03/02/2007) |
| 04/17/2007 | 5 | BRIEF in Opposition re 4 First MOTION to Dismiss for Lack of Jurisdiction *of Defendant Commonwealth Construction Co.* filed by MARK BEKIER, RENEE BEKIER. (gn ) (Entered: 04/18/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/18/2007 14:56:33 | | |
| **PACER Login:** | dm0242 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00541-NLH-JS Start date: 1/1/1970 End date: 4/18/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# EXHIBIT "C"

Law Offices
**MICHAEL J. MCKENNA**
*A Professional Corporation*
648 Longwood Ave.
State Highway 38 and Longwood Avenue
Cherry Hill, New Jersey 08002

UNITED STATES POSTAGE
★ ★ ★
1964
9844  $01.35  PB8744421
5188  APR 13 07
CHERRY HILL, NJ   08002

Deasey, Mahoney & Bender, LTD.
Sheryl L. Brown, Esquire
80 Tanner Street
Haddonfield, New Jersey 08033-2419