LAW OFFICES
# MICHAEL J. McKENNA, P.C.
State Highway 38 and Longwood Avenue
648 Longwood Avenue
Cherry Hill, New Jersey 08002

MICHAEL J. McKENNA
(Licensed in N.J. and Pa.)

Telephone
(856) 665-7771
Fax (856) 665-7766

RECEIVED
WILLIAM T. WALSH, CLERK

2007 APR 30 PM 12:12

UNITED STATES
DISTRICT COURT

April 26, 2007

Clerk, U. S. District Court
Mitchell H. Cohen U. S. Courthouse
1 John F. Gerry Plaza
Camden, New Jersey 08101

Re: **Mark Bekier vs. Commonwealth Construction**
    **Docket No.: 07-0541**

Dear Sir/Madam:

Please accept this letter as a rebuttal brief in connection with the above matter.

## STATEMENT OF FACTS

Plaintiff repeats the Statement of Facts contained in his Opposition Brief and incorporates them by reference as if fully set forth herein.

## LEGAL ARGUMENT

In its Reply Brief, Defendant does not dispute jurisdiction in the United States District Court. It also does not dispute jurisdiction in the District of Delaware. Rather, defendant would have this court dismiss plaintiff's complaint with prejudice because plaintiff, acting in good faith and based on information from the defendant's employees, filed this suit in the District of New Jersey.

While plaintiff continues to maintain that sufficient contacts exist to support jurisdiction in the District of New Jersey, plaintiff respectfully submits that should this court disagree dismissal is a measure inappropriate for this case.

As noted in our opposition, the District Court is empowered under 28 U.S.C.A. §1406 to transfer this matter in the interest of justice. 28 U.S.C.A. §1406(a) states:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The interest of justice respectfully requires that this matter be transferred rather than dismissed.

Defendant would have this court believe that plaintiffs do not deserve justice as it argues that it is not in the interest of justice to permit a claim against defendant in any forum. While one party's perception of justice may differ from another's, defendant articulates no reason for why its perception of justice it inherently superior to any other.

F.R.Cv.P. 41(b) states that an involuntary dismissal based on improper venue does not act as an adjudication on the merits. However, as argued before, should the court grant defendant's pending motion to dismiss, that will be the result. The statute of limitations in this matter ran on February 2, 2007. An outright dismissal would, in fact, act as an adjudication on the merits of plaintiff's claim as he would be time-barred from refilling in another court. That is not what the rules intended when dismissing a case for improper venue.

It is respectfully submitted that plaintiff has as equal a claim to justice as defendant. The law recognizes that transferring a case to a different venue is a viable alternative to a dismissal in the

interests of justice. 28 U.S.C.A. §1406(a). It is respectfully submitted that the interests of justice are best served by transferring this matter to the District of Delaware, where this matter can be adjudicated on its merits rather than deciding the merits in this motion.

Respectfully submitted

MICHAEL J. MC KENNA

MJM:kt
Enclosures
cc: Sheryl L. Brown, Esquire