## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,　　　　:

　　　　　　:　　**C.A. No.:** 1:07-cv-00626-JJF

　　　　Plaintiffs,　　　　:

　　　　　　:

　v.　　　　　　:

　　　　　　:

COMMONWEALTH CONSTRUCTION　　:

COMPANY, INC.,　　　　:

　　　　　　:

　　　　Defendant.　　　　:

### MOTION TO COMPEL

Plaintiffs, pursuant to Federal Rules of Civil Procedure Rule 37, seek an Order from this Court compelling defendant, Commonwealth Construction Company, Inc., to respond to Plaintiffs' Interrogatories and Requests for Production. In support of this Motion, plaintiffs state:

1.　　　Plaintiffs filed a Complaint in this case on January 31, 2007 in the United States District Court for the District of New Jersey.

2.　　　This case was transferred to the United States District Court for the District of Delaware on October 11, 2007.

3.　　　Defendant served an Answer to the Complaint on February 8, 2008.

4.　　　On April 2, 2008, plaintiffs served defendant with a copy of Plaintiffs' Interrogatories and Request for Production Directed to Defendant, via U.S. mail. Copies of Plaintiffs' Interrogatories and Request for Production are attached as Exhibit "A". Responses to Plaintiffs' Interrogatories and Request for Production were due on or before May 3, 2008. Notice of Service dated April 2, 2008 is attached hereto as Exhibit "B".

5.　　On account of defendant's failure to respond to Plaintiffs' Interrogatories and Request for Production Directed to Defendant, counsel for plaintiffs mailed a letter to counsel for defendant on May 13, 2008 requesting that the aforementioned information be provided as soon as possible. A copy of the May 13, 2008 letter is attached hereto as Exhibit "C".

6.    Despite efforts to obtain responses to the discovery requests, the defendant, Commonwealth Construction Company, Inc., has failed to respond to Plaintiffs' Interrogatories and Request for Production.

WHEREFORE, the plaintiffs respectfully requests that this Court enter an Order compelling defendant, Commonwealth Construction Company, Inc., to respond to the Plaintiffs' Interrogatories and Request for Production and furthermore that this Court award attorney's fees for the drafting and presentation of this Motion.

Respectfully submitted,

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

By:    /s/MATTHEW R. FOGG
ARTHUR M. KRAWITZ  (#2440)
MATTHEW R. FOGG (#4254)
1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorneys for Plaintiffs
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

DATED: 6\2\08

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK BEKIER and RENEE BEKIER, | : | |
| | : | **C.A. No.:** 1:07-cv-00626-JJF |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH CONSTRUCTION | : | |
| COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF MOTION

TO:    Michael I. Silverman, Esquire
       Silverman, McDonald & Friedman
       1010 N. Bancroft Parkway, Ste. 22
       Wilmington, DE 19805


PLEASE TAKE NOTICE that the attached Motion to Compel will be presented to the

Court on <u>July 11, 2008 at 2:00 p.m.</u> or at the convenience of the Court.



                                    DOROSHOW, PASQUALE
                                    KRAWITZ & BHAYA



                          By:    /s/MATTHEW R. FOGG
                                 ARTHUR M. KRAWITZ  (#2440)
                                 MATTHEW R. FOGG (#4254)
                                 1202 Kirkwood Highway
                                 Wilmington, Delaware 19805
                                 (302) 998-0100
                                 Attorneys for Plaintiffs
                                 ArthurKrawitz@dplaw.com
                                 MattFogg@dplaw.com

DATED: 6|2|08

Doroshow, Pasquale,
Krawitz, & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,   :
                                 :    **C.A. No.:** 1:07-cv-00626-JJF

      Plaintiffs,          :

                                  :

  v.                           :

                                  :

COMMONWEALTH CONSTRUCTION  :
COMPANY, INC.,                     :

                                  :

      Defendant.         :

## CERTIFICATION

The attorney for the plaintiffs certifies that he has attempted to secure the defendant's responses to outstanding discovery through the aforementioned communications with the attorney for the defendant but has not received these documents.

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

By:   /s/MATTHEW R. FOGG
        ARTHUR M. KRAWITZ  (#2440)
        MATTHEW R. FOGG (#4254)
        1202 Kirkwood Highway
        Wilmington, Delaware 19805
        (302) 998-0100
        Attorneys for Plaintiffs
        ArthurKrawitz@dplaw.com
        MattFogg@dplaw.com

DATED: 6|2|08

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,    :
                               :      **C.A. No.:** 1:07-cv-00626-JJF
       Plaintiffs,              :
                                 :
  v.                           :
                                 :
COMMONWEALTH CONSTRUCTION    :
COMPANY, INC.,                   :
                               :
       Defendant.             :

## ORDER

AND NOW, this _____ day of _____, 2008, the Court having heard and considered plaintiffs' Motion to Compel pursuant to Rule 37:

IT IS HEREBY ORDERED that the defendant, Commonwealth Construction Company, Inc., provide plaintiff with responses to the Plaintiffs' Interrogatories and Requests for Production not later than _____, 2008.

IT IS FURTHER ORDERED that defendant pay attorney's fees in the amount of $300.00 to be paid within fifteen (15) days of the date of this Order.

_____
Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,    :

        :    **C.A. No.:** 1:07-cv-00626-JJF

      Plaintiffs,    :

        :

  v.    :

        :

COMMONWEALTH CONSTRUCTION    :
COMPANY, INC.,    :

        :

      Defendant.    :

### CERTIFICATE OF SERVICE

I, MATT R. FOGG, ESQUIRE, hereby certify that I have this 2nd day of JUNE, 2008, mailed, two (2) true and correct copies of the following document(s) addressed to the person(s) listed below:

**DOCUMENT:**

Plaintiffs' Motion to Compel

**PERSONS:**

Michael I. Silverman, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway, Ste. 22
Wilmington, DE 19805

Doroshow, Pasquale,
Krawitz, & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

DOROSHOW, PASQUALE
KRAWITZ & BHAYA


By:    /s/MATTHEW R. FOGG
ARTHUR M. KRAWITZ  (#2440)
MATTHEW R. FOGG (#4254)
1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorneys for Plaintiffs
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,      :
                                      :

        Plaintiff,               :       **C.A. No.: 1:07-cv-00626 JJF**

                                        :

v.                                        :

                                        :

COMMONWEALTH CONSTRUCTION     :

COMPANY, INC.,                     :

                                        :

        Defendant.           :

                                        :

### <u>PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT</u>

These interrogatories are of a continuing nature; therefore, the answers should be kept current.

Throughout these interrogatories, whenever you are requested to "identify" a communication of any type, and such communication was oral, the following information should be furnished:

    (a)  By whom it was made and to whom it was directed;

    (b)  Its specific subject;

    (c)  The date upon which it was made;

    (d)  Who else was present when it was made;

    (e)  Whether it was recorded, described or summarized in any writing of any type; and if so, identify each such writing in the manner indicated below.

If you are requested to "identify" a communication, memorandum or record of any type, and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

    (a)  Its nature, e.g., letter, memorandum, telegram, note, drawing, etc.,;

    (b)  Its specific subject;

Doroshow, Pasquale,
Krawitz, Siegel & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

(c)  By whom and to whom it was directed;

(d)  The date upon which it was made;

(e)  Who has possession of the original and copies.

"Written" communications also encompasses e-mail and computer communications.

Whenever a person is to be "identified," you should furnish, except as otherwise noted:

(a)  Name and present or last known address;

(b)  If a corporation, the state of incorporation.


1.      Identify all contracts, leases or similar agreements in effect between Commonwealth Construction Company and any other person or entity with regard to the construction site located at the 51 W. Main Street, Middletown, Delaware at the time of plaintiff's fall, including but not limited to agreements between owners, contractors and sub-contractors, and state as to each such agreement the parties to it, and all other terms and conditions.

**ANSWER:**


2.      Set forth the name, address, job classification, full title and qualifications of the corporation or senior management officer responsible and accountable for construction safety at Commonwealth Construction Company.

**ANSWER:**

3.      Set forth the name, address, job classification, full title and qualifications of the person(s) employed by Commonwealth Construction Company and having overall jobsite construction supervision during the entire length of the project.

**ANSWER:**

4.      Did the responding defendant or the construction site receive any OSHA inspections during the course of the construction prior to or on the date of the accident?

**ANSWER:**

5.      If the answer to the preceding interrogatory is in the affirmative, please provide the date of inspection; type/priority of inspection; the OSHA compliance officer's name and address; the names, addresses, full job titles and qualifications of all persons attending the Opening Conference; the names, addresses, full job titles and qualifications of all persons accompanying the OSHA Compliance Officer on his inspection tour; the route and duration of the inspection; the names, addresses, full job titles and qualifications of all persons attending the Closing Conference after the tour; and citations, penalties and type violation cited by OSHA after each and every inspection.

**ANSWER:**

Doroshow, Pasquale,
Krawitz, Siegel & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

6.      Did Commonwealth Construction Company have a written corporate or company safety policy setting forth the company's safety goals and objectives?

**ANSWER:**

7.    Had anyone other than the plaintiff been injured at the construction site prior to plaintiff's accident?

**ANSWER**:

8.    If the answer to the preceding interrogatory is in the affirmative, please provide, name(s), address(es), job title(s), and date(s) of the accident(s) and circumstances under which the accident(s) occurred.

**ANSWER**:

9.    Identify all construction safety consultants and other individuals, if any, retained and/or used by responding defendant in connection with construction safety at the jobsite.

**ANSWER**:

10.    Did Commonwealth Construction Company ever send any subcontractors any letters, correspondence, notes, warnings or recommendations concerning construction safety in

general, and specifically, describe worker fall protection, as well as the need for OSHA Act and 29 CFR 1926, revised July 1, 1999 compliance?

**ANSWER**:

11.    If the answer to Question No. 10 is "yes", state the method of communication; the date when notice was given; to whom notice was sent; and their reply.

**ANSWER**:

12.    Did the defendant have a safety manual for use on this job?

**ANSWER**:

13.    Did you or any agent or employee of any of the responding defendant witness any part of the alleged occurrence?

**ANSWER**:

14.    If the answer to the preceding interrogatory is in the affirmative, state the name, job title, and address of each person who witnessed any part of the alleged occurrence and describe in complete detail everything that was seen or noticed by each such person.

**ANSWER**:

15.     Please state as to each witness known to you or any agent or employee of the responding defendant to have seen, heard, or known about the alleged occurrence the location of such witness at the time he or she saw, heard, or learned about the alleged occurrence; the substance of all information about the alleged occurrence known to each such witness; and whether each such witness gave any statement or account, either oral or in writing, of his or her knowledge of the alleged occurrence, and if so, give the substance of each statement.

**ANSWER:**

16.     At any time after the alleged occurrence did you or any agent or employee of the responding defendant have any conversation or communication with the plaintiff in regard to the alleged occurrence?

**ANSWER:**

17.     If the answer to the preceding interrogatory is in the affirmative, please set forth in complete detail the words or substances of each such conversation or communication; the date and time of each such conversation or communication; the place or places where each such conversation or communication took place; and the name and address of each person who was present at the time of each such conversation or communication.

**ANSWER:**

18.    Did any person other than the responding defendant or any agent or employee of the responding defendant in any way cause or contribute to cause the alleged occurrence?

**ANSWER:**

19.    If the answer to the preceding interrogatory is in the affirmative, please state the full identity, including name, address and physical description, of each such person and how each such person in any way caused or contributed to cause the alleged occurrence

**ANSWER:**

20.    Does the responding defendant contend or allege that the plaintiff by any act or omission caused or contributed to cause the alleged occurrence?

**ANSWER:**

21.    If the answer to the preceding interrogatory is in the affirmative, please set forth in complete detail each such act or omission, specifying with particularity each and every safety precaution or procedure you allege that plaintiff could have taken that would have avoided the accident in question.

**ANSWER:**

22.    Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including the name and address of all companies insuring the risk; the policy number(s); the type of insurance; and the amounts of primary, secondary and excess coverage.

**ANSWER:**

23.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such experts and , as to each expert named, state the subject matter in which the expert is expected to testify; the substance or the facts and opinions to which the expert is expected to testify; and a summary of grounds for each such opinion.

**ANSWER:**

24.   State the factual basis for each affirmative defense asserted in the responding

defendant's answer to the complaint.

**ANSWER:**

DOROSHOW, PASQUALE
KRAWITZ & BHAYA


By: ___/s/ MATTHEW R. FOGG___
ARTHUR M. KRAWITZ  (#2440)
MATTHEW R. FOGG (#4254)
1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorneys for Plaintiffs
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

DATED: 4/2/2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,      :
                                               :

         Plaintiff,                        :         **C.A. No.: 1:07-cv-00626 JJF**
                                                 :

v.                                                  :
                                                  :

COMMONWEALTH CONSTRUCTION      :
COMPANY, INC.,                              :
                                                  :

         Defendant.                      :
                                                  :

## PLAINTIFFS FIRST REQUEST FOR PRODUCTION
## DIRECTED TO DEFENDANT

### Instructions

       Documents are defined as writings, drawings, graphs, charts, photographs, phono-records and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detections devices into reasonably usable form and further includes, but is not limited to electronic mail communications.

       If any of the documents requested have bee destroyed, furnish a list identifying each such document, its author and addressee, and each person to whom copies of the document were furnished or to whom the contents were communicated; a summary of the substance of the document; the date upon which it was destroyed; and the reason it was destroyed;

       This request is deemed to be continuing in nature; in the event you become aware of or acquire in your possession, custody or control of additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

       Documents shall be produced as they are kept in the regular course of business or, in the alternative, organized and labeled so as to correspond to the categories in this request.

The plaintiffs request defendant to produce for examination and copying at the office of the attorney for the plaintiff(s) on or before thirty (30) days of receipt of this request:

### Requests

1. All photographs, motion pictures, video recordings, maps, diagrams or blueprints of the construction project, accident site, or any parties to this action.

**RESPONSE:**

2. Copies of all written or recorded statements or summaries or resumes of interviews taken by any person with respect to any issue in this litigation, including, but not limited to witnesses, defendants, experts and/or investigators.

**RESPONSE:**

3. All contracts entered into between you and any other party to this litigation in connection with the construction project occurring on February 2, 2005 at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

4. All contracts entered into between you and Plaintiff's employer, in connection with the construction project occurring on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

5.  Copies of any and all documents, writings, and/or exhibits upon which you intend to rely at trial.

**RESPONSE:**

6.  Copies of all written or recorded statements, or summaries or resumes of interviews taken by any person with respect to any issue in this litigation, including but not limited to, witnesses, defendants, experts and/or investigators.

**RESPONSE:**

7.  Copies of any reports by any person qualifying as an expert containing opinions and/or facts on which opinions are based concerning any aspect of this litigation.

**RESPONSE:**

8.  All correspondence files for the construction project, which was occurring on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

Doroshow, Pasquale,
Krawitz, Siegel & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

9.  Copies of all documents, insurance policies, declaration pages, endorsements and any other documents that identify any insurance coverage that may be applicable to any of the claims

whether such coverage is designated as primary coverage, secondary coverage, excess coverage, reinsurance or by any other term or definition.

**RESPONSE**:

10. The memorandum file for the construction project which was occuring on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware

**RESPONSE:**

11. All documents, letters, correspondence and memoranda pertaining to any contract between any parties, contractors, or subcontractors at the construction project which was occurring on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

12. Provide the project scheduling documents prepared by Commonwealth Construction Company to include, but not limited to, the Critical Path (CPM) and Bar Graphs for the construction project at 51 W. Main Street, Middletown, Delaware, specifically, the Master Schedule with all updates, including the Daily Schedules developed for Commonwealth Construction Company, KNZ Construction, and any other company involved in this project from the start of work through February 2, 2005.

**RESPONSE:**

13. Provide the Organization Chart documents of Commonwealth Construction Company's Construction Management Organization utilized for the administration of the construction contracts, coordination of all subcontractors and sub-subcontractors and daily supervision of the work at the construction project at 51 W. Main Street, Middletown, Delaware from the start of work through February 2, 2005.

**RESPONSE:**

14. Provide the Minutes of all Jobsite Contractors' Weekly Meetings, Monthly Progress Meetings, Quarterly Management Meetings, all Safety Meetings and any special meetings held or attended by Commonwealth Construction Company at the 51 W. Main Street, Middletown, Delaware construction project from the start of work through February 2, 2005.

**RESPONSE:**

15. Provide OSHA No. 200 "Log and Summary of Occupational Injuries and Illnesses" for the 51 W. Main Street, Middletown, Delaware construction project for the period up to and including February 2, 2005. If Commonwealth Construction Company does not use the OSHA No. 200 "Log and Summary", provide the substitute which was acceptable to OSHA.

**RESPONSE**:

Doroshow, Pasquale,
Krawitz, Siegel & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

16. Provide the OSHA No. 101 "Supplementary Record of Occupational Injuries and Illnesses" for the 51 W. Main Street, Middletown, Delaware construction project for the period up to and including February 2, 2005. If Commonwealth Construction Company does not use the OSHA No. 101 "Supplementary Record", provide the substitute which was acceptable to OSHA.

**RESPONSE:**

17. Provide any letters, correspondence, notes, warnings or recommendations Commonwealth Construction Company ever sent to KNZ Construction, or any other subcontractor concerning construction safety in general, and specifically describing worker fall protection, as well as the need for OSHA Act and 29 CFR 1926, revised July 1, 1999 compliance.

**RESPONSE:**

18. All contracts and subcontracts between all parties to this litigation in connection with this construction project which took place on or about February 2, 2005, at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

19.  Minutes of all safety meetings for the construction project located at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

20.  The project and/or company safety booklet or manual.

**RESPONSE:**

21.  The project technical specifications.

**RESPONSE:**

22.  All project development drawings.

**RESPONSE:**

23.  Minutes of all preconstruction meetings.

**RESPONSE:**

24.  Minutes of all construction meetings.

**RESPONSE:**

25.  Minutes of the prebid conference.

**RESPONSE:**

26.  All construction documents furnished to plaintiff's employer.

**RESPONSE:**

27.  All inspection reports or any other documents discussing or mentioning inspections.

**RESPONSE:**

28.  The project operations and/or procedural manual.

**RESPONSE:**

29.  Diary of Project Coordinator or Project Representative.

**RESPONSE:**

30. Any documents, directives, correspondence, investigation, statements or any other documentary data pertaining to or in any way relating to the accident that is the subject of this lawsuit, including but not limited to, personal injury reports, accident reports, investigations and findings.

**RESPONSE:**

31. All photographs (progress or otherwise) of the construction site.

**RESPONSE:**

32. All correspondence, memoranda, documents, statements and/or any other documentary data provided to or received from any liability insurance company or loss control service in connection with the accident that is the subject of this lawsuit. This Request excludes all documents protected from discovery by the Federal Rules of Civil Procedure.

**RESPONSE:**

33. All daily field reports and logs.

**RESPONSE:**

34.  All Superintendent forms, logs or diaries.

**RESPONSE:**

35.  The entire bidder's package, including, but not limited to, construction documents, construction drawings and inspections and addenda, site plans and drawings, instructions to bidders, bid forms and the bid estimate, including all back-up materials, and marked back-up drawings.

**RESPONSE:**

36.  All documents, correspondence, memoranda, drawings, blueprints, graphs or illustrations pertaining or relating to the layout of the construction site at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

37.  All documents identifying:

(a)  The entity which prepared the technical specifications for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(b)  The design engineer for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(c) The architect for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(d) The Construction Management Consultant for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(e) The General Contractor for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(f) The Safety Consultant for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(g) The designer for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(h) The design consultant for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware;

(i) The Construction Manager for the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware; and

(j) Entities which performed inspections, including but not limited to, safety inspections at the construction project which took place on or about February 2, 2005 at 51 W. Main Street, Middletown, Delaware.

**RESPONSE:**

38.  Copies of any and all e-mails generated or received that relate, in any way, to the incident involving Mark Bekier of February 2, 2005.

**RESPONSE:**

39. Any documents, directives, correspondence, investigation, statements or any other documentary data pertaining to or in any way relating to the accident that is the subject of this lawsuit, including but not limited to, personal injury reports, accident reports, investigations and findings and any corrective measures taken after or as a result of this incident.

**RESPONSE:**

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

By: ___/s/ MATTHEW R. FOGG___
ARTHUR M. KRAWITZ (#2440)
MATTHEW R. FOGG (#4254)
1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorneys for Plaintiffs
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

DATED: 4-2-2008

# EXHIBIT "B"

Doroshow, Pasquale,
Krawitz, & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARK BEKIER and RENEE BEKIER,       :

      Plaintiff,             :     **C.A. No.: 1:07-cv-00626 JJF**

                                :

v.                                :

COMMONWEALTH CONSTRUCTION    :
COMPANY, INC.,

                                :

      Defendant.         :

                                :

### NOTICE OF SERVICE

    I, MATTHEW R. FOGG, ESQUIRE, hereby certify that on the 2nd day of April, 2008, two copies of the following documents to the person(s) listed below:

1. Plaintiffs' First Set of Interrogatories Directed to Defendant;

2. Plaintiffs' First Request for Production Directed to Defendant

Michael I. Silverman, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway, Ste. 22
Wilmington, DE 19805

                         DOROSHOW, PASQUALE
                         KRAWITZ & BHAYA

                         /s/ MATTHEW R. FOGG
                         _____
                         MATTHEW R. FOGG (#4254)
                         1202 Kirkwood Highway
                         Wilmington, DE 19805
                         Attorney for Plaintiff
                         (302) 998-0100
                         MattFogg@dplaw.com

Doroshow, Pasquale,
Krawitz, Siegel & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

# EXHIBIT "C"

May 13, 2008

**PLEASE RESPOND TO:**

**1202 Kirkwood Highway**
**Wilmington, DE  19805**

Writer's Direct E-Mail:
mattfogg@dplaw.com

Michael I. Silverman, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805

RE:    <u>Mark and Rene Bekier v. Commonwealth Construction Company</u>

Dear Mike:

      The defendants' responses to outstanding discovery requests are past due.

      Would you kindly provide me with responses within the next two weeks?
I anticipate filing a motion to compel with the court by Tuesday, May 27th.

      Should you wish to discuss this matter further, please feel free to contact me.

      Very truly yours,

      MATTHEW R. FOGG
      Attorney at Law

MRF/slr
cc:  Mark and Rene Bekier
W0513MRF