UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BEKIER AND RENEE BEKIER ) | |
| ) | C.A. No. 1:07-cv-00626-JJF |
| Plaintiff. ) | |
| ) | |
| v.  ) | |
| ) | |
| COMMONWEALTH CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

Defendant, Commonwealth Construction Company (hereinafter "Commonwealth"), by and through their undersigned counsel, hereby moves this Honorable Court for an Order granting Defendant leave to file a third-party complaint. In support of the Motion, Defendant states:

1. This matter stems from a construction accident which occurred on or about February 2, 2005.

2. Plaintiff filed a complaint in this case on January 31, 2007 in the United States District Court of New Jersey.

3. The case was transferred to the United States District Court for the District of Delaware on October 11, 2007.

4. Defendant filed an Answer to the Complaint on February 8, 2008.

5. The complaint alleges that the Defendant Commonwealth had a duty to provide a safe work site environment for the plaintiff.

6. KNZ Construction, Inc. was a sub-contractors of the Defendant Commonwealth.

7. At the time of the accident, Plaintiff Mark Bekier was working for KNZ Construction Inc.

8. KNZ Construction, Inc. was in control of their employee during the construction period and had a duty to provide a safe workplace for Mr. Bekier.

9. Based on these facts, the Defendant, Commonwealth, seeks an Order granting leave to file a third-party complaint against KNZ Construction, Inc. (Exhibit "A", proposed Third-Party Complaint)

10. It is the policy of this court to liberally grant leave to amend in the interest of justice. The claims asserted by this amendment relate to the same transaction an occurrence which is the foundation of the present complaint. Federal Rules of Civil Procedure 14.

11. No party will be prejudiced by this amendment.

**WHEREFORE**, Defendant's move this Honorable Court for an Order granting leave to file a third -party complaint to add KNZ Construction, Inc. as a third-party defendant in the manner attached hereto.

/s/ Michael I.Silverman
MICHAEL I. SILVERMAN (#3034)
SILVERMAN MCDONALD & FRIEDMAN
1010 N. Bancroft Parkway
Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Defendant Commonwealth Construction

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BEKIER AND RENEE BEKIER ) | |
| ) | C.A. No. 1:07-cv-00626-JJF |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF MOTION

TO: Matthew R. Fogg, Esquire
    Arthur M. Krawitz, Esquire
    Doroshow Pasquale Krawitz & Bhaya
    1202 Kirkwood Highway
    Wilmington, DE 19805

PLEASE TAKE NOTICE that the attached Motion for Leave to File a Third-Party Complaint will be presented to the Court on July 11, 2008 at 2:00 pm or at the convenience of the Court.

SILVERMAN MCDONALD & FRIEDMAN

/S/: Michael I. Silverman
Michael I. Silverman, Esquire (#3034)
1010 North Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Defendant Commonwealth
Construction, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BEKIER AND RENEE BEKIER ) | |
| ) | C.A. No. 1:07-cv-00626-JJF |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, TO WIT, this _____ day of _____, 2008, having considered Defendants' Motion for Leave to file a Third-Party Complaint to add KNZ Construction, Inc. as a Third-Party Defendant, and the response thereto;

IT IS HEREBY ORDERED that Defendant's Motion is granted and the Third-Party Complaint is deemed filed.

_____
J.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BEKIER AND RENEE BEKIER ) | C.A. No. 1:07-cv-00626-JJF |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| Defendant/Third-party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KNZ CONSTRUCTION, INC., ) | |
| Third-Party Defendant. ) | |

## THIRD PARTY COMPLAINT AGAINST KNZ CONSTRUCTION, INC.

### JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 (a), as there is diversity of citizenship and the matter in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interests and costs.

2. Plaintiffs, Mark and Renee Bekier are citizens of the County of Camden, State of New Jersey, residing at 217 Bradley Avenue, Bellmawr, New Jersey.

3. Defendant/Third-Party Plaintiff Commonwealth Constructions' principal place of business is 2317 Pennsylvania Avenue, Wilmington, DE 19806.

4. Third-Party Defendant KNZ Construction, Inc. principal place of business is 125 N. Park Street, Dallastown, PA 17313-0238.

5. KNZ Construction, Inc. has conducted substantial business in the state of Delaware.

## COUNT ONE

## CONSTRUCTION SITE NEGLIGENCE

1. On or about February 2, 2005, Plaintiff Mark Bekier has alleged that the negligence of Defendant/Third-Party Plaintiff Commonwealth Construction, Inc. is the direct and proximate cause of Plaintiff's injuries.

2. At the time of the above mentioned accident, Defendant/Third-Party Plaintiff, Commonwealth Construction, Inc., subcontracted KNZ Construction, Inc. To occupy and/or control the worksite in the capacity of a roofing contractor, specifically to install a cawl wall system on the roof of the building.

3. Third-Party Defendant, KNZ Construction, Inc. owed a duty to those persons engaged in the performance of the construction work, including the plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the construction work.

4. Plaintiff Mark Bekier was in the course and scope of his job duties when he fell.

5. Third-Party Defendant KNZ Construction, Inc. was in control of their employee during the construction period.

6. Third-Party Defendant KNZ Construction, Inc. had a non-delegable duty to provide a safe workplace for Mr. Bekier and all others business invitees.

7. Third-Party Defendant KNZ Construction, Inc. was negligent because they failed

to keep the premises it occupied and/or controlled, in a reasonably safe condition. Specifically, Third-Party Defendant KNZ Construction, Inc. failed to provide all required safety equipment for its workers, including crawling boards, safety lines, safety belts or other personal fall arresst systems utilized in the construction industry.

8. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to inspect the work site for safety deficiencies, failing to provide proper and adequate warnings of these deficiencies, and failing to eliminate these deficiencies, whether related to the weather or not.

9. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to warn the Plaintiff, Mark Bekier, of the dangerous fall conditions then existing, and knew that they were in violation of OSHA regulations Title 29 Labor 17 and 29 C. F. R. §1926.20 , or alternatively should have known.

10. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to adequately inspect the work being performed by others at the work site, which inspection, if adequately done, would have disclosed that the plaintiff's work area or work assignment was unsafe.

11. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to provide an adequate training program to each worker who might be exposed to fall hazards, including Plaintiff Mark Bekier, in violation of 29 C. F. R. 1926.503.

12. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to provide a safe place of employment that was free of hazardous or dangerous conditions likely to cause death or serious physical injury to employees on the work site in

violation of 29 U. S. C. § 654 (a) (1);

13. Third-Party Defendant KNZ Construction Inc. was negligent in failing to comply with 29 C.F. R. § 1926.20 (b) (2) and applicable industry standards in that it failed to employ a competent person who made frequent regular inspections for the identification and elimination of recognized fall hazards.

14. As a proximate cause of the negligence of the Third-Party Defendant KNZ Construction, Inc., Plaintiff Mark Bekier, has suffered permanent physical and emotional injuries as well as future wage losses.

**WHEREFORE**, Defendant/Third-Party Plaintiff demands judgment against Third-Party Defendant for all sums which may be adjudged in favor of the Plaintiff and respectfully requests that the Court dismiss the complaint and award Defendant/Third-Party Plaintiff his costs and reasonable attorneys' fees incurred in responding to the complaint, together with such further relief as the Court may deem just and proper.

/s/ Michael I.Silverman
MICHAEL I. SILVERMAN, ESQUIRE (#3034)
SILVERMAN MCDONALD & FRIEDMAN
1010 N. Bancroft Parkway
Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Defendant/Third-party Plaintiff
Commonwealth Construction Company