UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BEKIER AND RENEE BEKIER, : | |
| : | |
| Plaintiffs, : | C. A. 07-cv-00626-JJF |
| : | |
| v. : | DEMAND FOR JURY TRIAL OF TWELVE |
| : | |
| COMMONWEALTH CONSTRUCTION : | |
| COMPANY, INC., : | |
| : | |
| Defendant/Third-Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| KNZ CONSTRUCTION, INC. : | |
| : | |
| Third-Party Defendant. : | |

**MOTION TO DISMISS ON BEHALF OF DEFENDANT, KNZ CONSTRUCTION, INC.**

Defendant, KNZ Construction, Inc., ("KNZ"), by and through the undersigned counsel, White and Williams, LLP, hereby respectfully requests that this Court enter the attached order dismissing defendant/third-party plaintiff Commonwealth Construction Company, Inc.'s ("Commonwealth") third-party complaint pursuant to Fed. R. of Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of its motion,[1] KNZ states:

1. On February 1, 2007, Plaintiff Mark Bekier filed the present case in the District Court for the District of New Jersey, which was transferred to this Court on October 15, 2007. This action arises from a work accident that occurred on February 2, 2005.[2] Plaintiff alleges he fell from a roof due to the negligence of the general contractor, defendant/third-party plaintiff

---

[1] KNZ waives its right to file an opening brief and opts to submit this motion in lieu of an opening brief pursuant to Local Rule 7.1.2. KNZ reserves the right to file a reply brief.

[2] See Complaint, attached hereto as Ex. A.

Commonwealth.³ On June 10, 2008, Commonwealth filed a Motion for Leave to File a Third-Party Complaint, which was granted on June 20, 2008. The third-party complaint, which only alleges claims predicated on common law negligence, was deemed to be filed on June 20, 2008.

2. Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.⁴ The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.⁵ Therefore, when considering a motion to dismiss, the Court must accept as true all allegations in the complaint and must draw all reasonable inferences in the light most favorable to the plaintiff.⁶ However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts."⁷ Dismissal of a complaint is appropriate when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief."⁸ When the facts pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought, the Court may dismiss the complaint.⁹

3. Under 19 Del. C. § 2304, "Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course and scope of employment, regardless of the question of negligence and to the exclusion of all other

---

³ Id.

⁴ Fed. R. Civ. P. 12(b)(6).

⁵ *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993).

⁶ *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d. Cir. 1994).

⁷ *Kost*, 1 F.3d at 1983.

⁸ *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

⁹ *See Pennsylvania ex. rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 179 (3d. Cir. 1988).

rights and remedies." The pending third-party complaint filed against KNZ should be dismissed under § 2304, which bars any recovery in a negligence action against one's employer where the injury arises from the course and scope of employment.[10]

4. Under § 2304, a plaintiff's tort claim is barred against the employer or co-worker if the plaintiff was an employee, plaintiff suffered a personal injury, and the injury arose out of and in the course and scope of employment.[11] In order for a party to seek an exception to the exclusivity provision of § 2304 barring negligence claims against the employer, the plaintiff must allege "specific intentional tortious conduct" and the intentional tort must be entirely unrelated to work.[12]

5. In this case, Plaintiff Mark Bekier has alleged that he was injured in a work related accident on or about February 2, 2005. At the time of the incident, Commonwealth has alleged that it was the general contractor on a project and subcontracted with KNZ to perform work as a roofing contractor.[13] In both the plaintiff's complaint and Commonwealth's third-party complaint, it is alleged that Mr. Bekier was working for KNZ at the time of the incident.

6. Commonwealth's lone count is captioned "Construction Site Negligence." Ex. B. Commonwealth alleges that KNZ breached a duty owed to plaintiff and that KNZ was negligent in that it failed to keep the premises in a reasonably safe condition (¶ 7), failed to inspect the work site (¶ 8), failed to warn Plaintiff of dangerous conditions (¶ 9), failed to inspect the work being

---

[10] *Kofron v. Amoco Chem. Corp.*, 441 A.2d 226, 231 (Del. 1981); *see Diamond State Telephone Co. v. University of Del.*, 269 A.2d 52 (Del. 1970)(stating that "the payment of compensation to an injured employee or his representatives is exclusive and precludes the assertions of any other remedies against the employer.")

[11] *Murdoch v. Camp Arrowhead Church Camp*, 2003 WL 21526993, *3 (Del. Super.)

[12] *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 161 (Del. 2000); *Murdoch*, 2003 WL 21526993 at *3; 19 Del. C. § 2301(15).

[13] See Commonwealth's Third-Party Complaint, attached hereto as Exhibit B.

performed by others (¶ 10), failed to provide adequate training (¶ 11), failed to provide a safe place of employment (¶ 12), and failed to comply with OSHA safety standards (¶ 13).[14]

7. Commonwealth has failed to plead any exception to § 2304's bar to negligence claims against KNZ. Accepting the facts pleading in the complaint and third-party complaint as true, plaintiff was an employee of KNZ at the time of the incident and during his employment suffered an injury while working on a project where Commonwealth was the general contractor. All of Commonwealth's allegations are common law tort claims and cannot succeed as a matter of law under any set of facts, as they are precluded by § 2304.[15]

WHEREFORE, KNZ Construction, Inc. respectfully requests that this Honorable Court enter an Order in the form attached granting judgment with prejudice in favor of it and against Commonwealth Construction Company, Inc.

                                                **WHITE AND WILLIAMS LLP**

BY:   /s/ Timothy S. Martin
       **JOHN D. BALAGUER, I.D. #2537**
       **TIMOTHY S. MARTIN, I.D. #4578**
       824 N. Market Street, Suite 902
       P.O. Box 709
       Wilmington, DE 19899-0709
       Phone: (302) 467-4509
       Martint@whiteandwilliams.com
       *Attorneys for Defendant,*
       *KNZ Construction, Inc.*

Dated: August 8, 2008

---

[14] *Id.*

[15] See *Murdoch*, 2003 WL 21526993 at *3.

-5-

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK BEKIER AND RENEE BEKIER, | : | |
| | : | |
| Plaintiffs, | : | C. A. 07-cv-00626-JJF |
| | : | |
| v. | : | DEMAND FOR JURY TRIAL OF TWELVE |
| | : | |
| COMMONWEALTH CONSTRUCTION COMPANY, INC., | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KNZ CONSTRUCTION, INC. | : | |
| | : | |
| Third-Party Defendant. | : | |

## ORDER

**HAVING CONSIDERED** KNZ Construction, Inc.'s motion to dismiss defendant/third-party plaintiff Commonwealth Construction Company, Inc.'s third-party complaint, and all responses thereto;

**IT IS HEREBY ORDERED** that defendant/third-party plaintiff Commonwealth Construction Company, Inc.'s complaint is **DISMISSED WITH PREJUDICE** insofar as the third-party complaint is brought against KNZ Construction, Inc.

_____
The Honorable Joseph J. Farnan, Jr.

PHLDMS1 4563009v.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BEKIER and RENEE BEKIER<br>217 Bradley Ave.<br>Bellmawr, New Jersey<br><br>             Plaintiffs,<br><br>       v.<br><br>COMMONWEALTH CONSTRUCTION COMPANY, INC<br>aka COMMONWEALTH CONSTRUCTION COMPANY<br>and JOHN DOES 1-20 (fictitious<br>names of individuals, sole proprietors,<br>partnerships, corporations, or any<br>entities who owned, managed,<br>maintained, inspected and/or<br>constructed the subject property);<br>jointly, severally or in the<br>alternative.<br><br>             Defendants | CIVIL ACTION NO.:<br><br><br><br><br><br><br>COMPLAINT and JURY<br>TRIAL DEMAND |

------------------------------------------------------------

## JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 (a), as there is diversity of citizenship and the matter in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

2. Plaintiffs, Mark and Renee Bekier are citizens of the County of Camden, State of New Jersey, residing at 217 Bradley Ave., Bellmawr, New Jersey.

3. Defendant Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899.

4. Commonwealth Construction is licensed to do business in the State of New Jersey and in fact conducts substantial business in New Jersey.

## INTRODUCTION TO THE PARTIES

### Mark Bekier

1. On February 2005, Mark Bekier and his employer, KNZ Construction Inc., 125 N Park Street, Dallastown, PA 17313, were hired by Commonwealth Construction Company to install among other things, a cowl wall system on the roof of the building located at 51 West Main Street in Middletown, Delaware. Mr. Bekier was in the course and scope of his employment as a construction worker when he fell approximately 10 feet to the ground while preparing the roofing for installation of the cowl wall system. Mr. Bekier was taken to the Trauma Unit at Christiana Hospital in Christina, Delaware, where he was diagnosed with compound fractures to his left leg, which required surgery

with rods and screws to repair the break. On February 11, 2005 Mr. Bekier required a second surgery at Cooper Hospital in Camden, New Jersey on his right heel that also required the installation of screws and plates. Mark Bekier is presently 46 years old and suffers from permanent disability as a result of the fall. Before, during and after this accident, Renee Bekier was/is the wife of Mark Bekier.

<u>Commonwealth Construction Company, Inc.</u>

2. Commonwealth Construction Company, Inc. (hereinafter Commonwealth Construction) is the general contractor and/or sub-contractor who hired Mark Bekier and his employer, KNZ Construction, on or before February 2, 2005 to install among other things, a cowl wall system on the roof where Mr. Bekier was injured. Commonwealth Construction failed to adhere to the principles of construction safety management in that they did not provide a safe work place free from hazards including weather related hazards, they did not provide warnings of such hazards and they did not provide all appropriate safety equipment, including without limitation, crawling boards, safety lines, safety belts or other personal fall arrest systems utilized by the construction industry for Mr.

Bekier. Commonwealth Constructions' principal place of business is 2317 Pennsylvania Ave., Wilmington, Delaware 19899. Commonwealth Construction does business in multiple states including but not limited to Pennsylvania, New Jersey and Maryland.

## COUNT ONE

### CONSTRUCTION SITE NEGLIGENCE

1. On February 2, 2005, Mark Bekier sustained severe injuries when he fell approximately 10 feet to the ground while trying to install among other things, a cawl wall system on the roof of a building at 51 West Main Street, Middletown, Delaware.

2. Mr. Bekier and his employer, KNZ Construction, were on the premises as a sub-contractor of defendant, Commonwealth Construction.

3. Defendant Commonwealth Construction was the contractor that hired Mr. Bekier and his employer, KNZ Construction, to install among other things, a cowl wall system on the roof at 51 West Main Street, Middletown, Delaware.

4. Defendant Commonwealth Construction has its principal place of business at 2317 Pennsylvania Ave., Wilmington, Delaware.

5. Mr. Bekier was in the course and scope of his job duties when he fell.

6. Mr. Bekier was not provided with all appropriate safety equipment.

7. Defendant Commonwealth Construction had control of the work area during the construction period.

8. Defendant Commonwealth Construction had a non-delegable duty to provide a safe workplace for Mr. Bekier and all others working at the property where Mr. Bekier was injured.

9. Defendant Commonwealth Construction was negligent because, among other things, they failed to provide a reasonably safe workplace to Mr. Bekier and others. Specifically, defendant Commonwealth Construction failed to provide a safe work place and all required safety equipment for his workers, including crawling boards, safety lines, safety belts or other personal fall arrest systems utilized in the construction industry.

10. Defendant Commonwealth Construction was negligent in failing to inspect the worksite for safety deficiencies, eliminate these deficiencies and failing to warn of such deficiencies including weather related deficiencies.

11. Defendant Commonwealth Construction had knowledge of the dangerous fall conditions and knew that they were in

violation of OSHA regulations, or alternately should have so known.

12. The acts and/or omissions of defendant Commonwealth Construction, which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

13. The unsafe workplace violated OSHA regulations.

14. As a proximate cause of the negligence of defendant Commonwealth Construction, Mr. Bekier has suffered permanent physical and emotional injuries, including fractures to his right leg and heel, which required surgery and rods, screws and plates repair. He will continue to suffer emotional and physical injuries and will incur future wage losses.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against the defendant Commonwealth Construction Company Inc., for compensatory and punitive damages, interest and costs of suit.

### COUNT TWO

### MARK BEKIER v. JOHN DOES #1-20

### CONSTRUCTION SITE NEGLIGENCE

1. Mark Bekier repeats all of the allegations of all of the preceding Counts of this Complaint.

2. On February 2, 2005, Mark Bekier, age 46, was working for his employer, KNZ Construction at a property located at 51 West Main Street, Middletown, Delaware.

3. Defendant John Does #1-20 are fictitious names of individuals, sole proprietors, partnerships, corporations or any other entities who owned, managed, maintained, inspected, or were otherwise responsible for the safety and/or construction at the subject property.

4. Defendant John Does #1-20 had contracted with Commonwealth Construction, to install among other things, a cowl wall system on the roof of a building at 51 West Main Street, Wilmington, Delaware. As part of its job, employees were required to work on roofs.

5. Mark Bekier was in the course and scope of his job duties when he fell approximately 10 feet to the ground while trying to install among other things a cowl wall system.

6. There was no adequate fall protection utilized on the job site in the area where Mr. Bekier fell.

7. Defendant John Does #1-20 had a duty to provide a safe work place for Mr. Bekier and all others lawfully on the premises. Such duty included the elimination of all hazards including weather related hazards, and the provision of warning of such hazards. Defendants failed in this duty which failure was a proximate cause of Plaintiff's injuries.

8. Defendant John Does #1-20 was negligent because, among other things, they failed to properly secure the area with crawling boards, safety lines, safety belts, or other personal fall arrest systems and failed to provide a safe work place to Mr. Bekier.

9. As a proximate cause of the negligence of John Does #1-20, Mr. Bekier has suffered permanent physical injuries. He will continue to suffer physical injuries and will incur future wage losses.

10. The acts and/or omissions of defendant John Does #1-20 which caused injury to Mr. Bekier were performed or omitted volitionally, with knowledge of the existence of a probability of risk or injury to members of the public, including Mr. Bekier, and with reckless disregard of that risk.

**WHEREFORE**, the Plaintiff, Mark Bekier, demands judgment against defendant John Does #1-20 for compensatory

damages, interest, and costs of suit.

### COUNT THREE
### Consortium

1. Plaintiffs, Mark Bekier and Renee Bekier, his wife, repeat each and every allegation contained in the First and Second Counts as if set forth at length.

2. As a proximate result of the negligence of the Defendant, Commonwealth Construction Company, and John Does 1-20 the Plaintiff, Renee Bekier, has been deprived of the services and society of her husband, Mark Bekier.

WHEREFORE, the Plaintiff, Renee Bekier, demands judgment against the Defendants, for damages, interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that Plaintiff in the within action herby demands a trial jury pursuant to the Rules of this Court.

Dated:  January 31, 2007

_____
MICHAEL J. McKENNA, ESQUIRE

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK BEKIER AND RENEE BEKIER ) | C.A. No. 1:07-cv-00626-JJF |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| COMMONWEALTH CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| Defendant/Third-party Plaintiff, ) | |
| v. ) | |
| KNZ CONSTRUCTION, INC., ) | |
| Third-Party Defendant. ) | |

## THIRD PARTY COMPLAINT AGAINST KNZ CONSTRUCTION, INC.

### JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 (a), as there is diversity of citizenship and the matter in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interests and costs.

2. Plaintiffs, Mark and Renee Bekier are citizens of the County of Camden, State of New Jersey, residing at 217 Bradley Avenue, Bellmawr, New Jersey.

3. Defendant/Third-Party Plaintiff Commonwealth Constructions' principal place of business is 2317 Pennsylvania Avenue, Wilmington, DE 19806.

4. Third-Party Defendant KNZ Construction, Inc. principal place of business is 125 N. Park Street, Dallastown, PA 17313-0238.

5.  KNZ Construction, Inc. has conducted substantial business in the state of Delaware.

## COUNT ONE

## CONSTRUCTION SITE NEGLIGENCE

1.  On or about February 2, 2005, Plaintiff Mark Bekier has alleged that the negligence of Defendant/Third-Party Plaintiff Commonwealth Construction, Inc. is the direct and proximate cause of Plaintiff's injuries.

2.  At the time of the above mentioned accident, Defendant/Third-Party Plaintiff, Commonwealth Construction, Inc., subcontracted KNZ Construction, Inc. To occupy and/or control the worksite in the capacity of a roofing contractor, specifically to install a cawl wall system on the roof of the building.

3.  Third-Party Defendant, KNZ Construction, Inc. owed a duty to those persons engaged in the performance of the construction work, including the plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the construction work.

4.  Plaintiff Mark Bekier was in the course and scope of his job duties when he fell.

5.  Third-Party Defendant KNZ Construction, Inc. was in control of their employee during the construction period.

6.  Third-Party Defendant KNZ Construction, Inc. had a non-delegable duty to provide a safe workplace for Mr. Bekier and all others business invitees.

7.  Third-Party Defendant KNZ Construction, Inc. was negligent because they failed

to keep the premises it occupied and/or controlled, in a reasonablely safe condition. Specifically, Third-Party Defendant KNZ Construction, Inc. failed to provide all required safety equipment for its workers, including crawling boards, safety lines, safety belts or other personal fall arrest systems utilized in the construction industry.

8. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to inspect the work site for safety deficiencies, failing to provide proper and adequate warnings of these deficiencies, and failing to eliminate these deficiencies, whether related to the weather or not.

9. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to warn the Plaintiff, Mark Bekier, of the dangerous fall conditions then existing, and knew that they were in violation of OSHA regulations Title 29 Labor 17 and 29 C. F. R. §1926.20, or alternatively should have known.

10. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to adequately inspect the work being performed by others at the work site, which inspection, if adequately done, would have disclosed that the plaintiff's work area or work assignment was unsafe.

11. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to provide an adequate training program to each worker who might be exposed to fall hazards, including Plaintiff Mark Bekier, in violation of 29 C. F. R. 1926.503.

12. Third-Party Defendant KNZ Construction, Inc. was negligent in failing to provide a safe place of employment that was free of hazardous or dangerous conditions likely to cause death or serious physical injury to employees on the work site in

violation of 29 U.S.C. § 654 (a) (1);

13. Third-Party Defendant KNZ Construction Inc. was negligent in failing to comply with 29 C.F.R. § 1926.20 (b) (2) and applicable industry standards in that it failed to employ a competent person who made frequent regular inspections for the identification and elimination of recognized fall hazards.

14. As a proximate cause of the negligence of the Third-Party Defendant KNZ Construction, Inc., Plaintiff Mark Bekier, has suffered permanent physical and emotional injuries as well as future wage losses.

WHEREFORE, Defendant/Third-Party Plaintiff demands judgment against Third-Party Defendant for all sums which may be adjudged in favor of the Plaintiff and respectfully requests that the Court dismiss the complaint and award Defendant/Third-Party Plaintiff his costs and reasonable attorneys' fees incurred in responding to the complaint, together with such further relief as the Court may deem just and proper.

/s/ Michael I.Silverman
MICHAEL I. SILVERMAN, ESQUIRE (#3034)
SILVERMAN MCDONALD & FRIEDMAN
1010 N. Bancroft Parkway
Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Defendant/Third-party Plaintiff
Commonwealth Construction Company

CERTIFIED:              7/16/08
AS A TRUE COPY:
    ATTEST:
PETER T. DALLEO, CLERK
BY
                    Deputy Clerk